[Civ. No. 2402.   Third Appellate District.—December 16, 1921.]

## CHARLES NELSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act—Proximate Cause of Disability —Insufficiency of Evidence.—In this proceeding to review a decision of the Industrial Accident Commission denying a claim for compensation, the evidence is insufficient to establish that the disability complained of was proximately caused by the injuries received in the course of employment.

[2] Id.—Production of Witnesses—Duty of Parties.—In a proceeding under the Workmen's Compensation Act, the burden is primarily upon each party to produce his own witnesses to establish his

---

1.  Compensation as affected by external infection from, or subsequent incident of, original injury, within meaning of Workmen's Compensation Act, note, 7 A. L. R. 1186.

case, and where full opportunity to do so is given, complaint cannot be made because the commission itself did not subpoena and produce witnesses named by a party to such proceeding.

PROCEEDING in Certiorari to review a decision of the Industrial Accident Commission denying compensation. Affirmed.

The facts are stated in the opinion of the court.

Harry F. Price for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

FINCH, P. J.—This is an application to review the decision of the Industrial Accident Commission denying the petitioner's claim for compensation for disability alleged to have been caused by two accidents to his knees arising out of and in the course of his employment by the Yosemite Lumber Company.

The petition alleges: "1. That the commission acted without and in excess of its powers. 2. That the order and decision was unreasonable. 3. That the findings of fact do not support the order, decision and award under review."

The commission found: "That . . . applicant fell from a pile of lumber while in the course of his employment, but the evidence is insufficient to establish as a fact that the disability complained of was proximately caused by said fall."

Dr. H. Jalmer Kyleberg, a contract surgeon for the Yosemite Lumber Company, who gave applicant professional treatment for the injuries resulting from the alleged accidents, was sworn as a witness for the applicant and testified that the alleged disability consisted of abscesses on both knees caused by streptococcus infection; that the accidents alleged were slight and, in the opinion of the witness, were not contributing causes of the abscesses. No other expert witness testified. The abscesses developed about three weeks after the last accident, the applicant having been engaged in his usual employment in the meantime. The application for compensation was not contested in the sense in which the word contest is usually under-

stood.  R. C. Dracey, manager of the lumber company, and who represented the defendants at the hearing, being called as a witness for the petitioner, stated: "I think there is no disposition on the part of the company to avoid any issue raised by the man, or meet any condition that the man is entitled to." Neither party was represented by an attorney. [1] The referee conducted the examination in a manner eminently fair to both parties, and the conclusion reached is the only one which could reasonably be drawn from the evidence.

Attorneys for the Industrial Accident Commission fairly state the facts and the law bearing upon the further contentions of petitioner as follows: "Two hearings were held in the case, of which petitioner concedes he had notice and full opportunity to present all the testimony he desired to offer. He does not complain that any testimony offered by him was ruled out, that he was misled by erroneous advice into omitting to secure necessary testimony, or that any reasonable request for continuance for the purpose of producing such testimony was refused. [2] His only complaint is that the commission did not itself subpoena and produce the witnesses named by him. Obviously this is not a valid ground. While the Industrial Accident Commission, as pointed out by petitioner, can summon witnesses of its own motion, the fee to be paid by the state, it is not required to do so and very seldom does so. The state has not appropriated sufficient funds to permit this to be done in routine cases. This is only done where the commission itself finds the parties unable or unwilling to produce testimony necessary to the decision of the case, and the commission deems the testimony of such witnesses to be vitally necessary to the decision. As in all other civil actions, the burden is primarily upon each party to produce his own witnesses to establish his case, and where the party has full opportunity to produce his own witnesses he cannot complain because the commission did not relieve him from the burden.

"Furthermore, respondent commission found and determined, in its order denying petition for rehearing, that such testimony if received would not be sufficient to affect the decision. It will be noted that petitioner has at no

time indicated what these witnesses would testify to if called. The burden is upon petitioner to show the materiality of their testimony, which petitioner has failed to do. And judging from the facts as shown by the record, it seems impossible to see any materiality to their testimony.

"It will be noted from the commission's findings and award that decision was in favor of applicant as to the occurrence of the injuries alleged by petitioner, and as to the fact that such injuries occurred in the course of and arose out of his employment. Further testimony on behalf of petitioner was, therefore, unnecessary to establish these contentions. The point upon which compensation was denied was that petitioner had failed to show that his injuries were the cause of the later abscesses in his knees. Neither of the witnesses whom petitioner wished produced could testify upon this point as this is purely a medical question and neither of the witnesses could qualify as physicians or expert witnesses."

The decision of the commission is affirmed.

Burnett, J., and Hart, J., concurred.