JAMES SMITH v. NATHAN BAILEY.

*(In Chancery.)*

A decree on a bill to redeem, in this state, is the same as on a bill to fore-
close the equity of redemption, to wit, to fix on a definitive period of
payment, and, in case of failure, decree a foreclosure of the equity of re-
demption.

Rule as to cost.

THE facts, in this case, appear from the opinion of the court
delivered by

COLLAMER, Chancellor.—This was a bill in chancery,
wherein the orator alleges that the defendant, as a mortgagee,
has an action of ejectment pending against the orator, and that
the mortgage contains usury, and calls for a discovery thereof,
praying that the true sum due in equity may be ascer-
tained, which he offers to pay and redeem ; and praying an
injunction on the ejectment. The defendant answers imper-
fectly, and further answer being ordered, he discloses the
usury, which being deducted, leaves due on the mortgage,
July 6, 1837, $1522,76. The defendant now moves that
he be allowed his costs in this proceeding and also costs in the
ejectment, and that a *short day* for payment, be fixed, or the
bill be dismissed. In England the course of proceeding and
the form of decree in a bill to redeem, is to fix some short
time of payment, as the orator alleges in his bill that he is
ready to pay ; and in case he does not pay, the bill is dis-
missed. This dismission of the bill is considered as a bar to
another such bill to redeem, and so operates a perpetual
foreclosure. When a bill is filed by a mortgagee, to fore-
close the equity of redemption, the decree is generally for
six months, but this time, on the application of the mortga-
gor, is usually afterwards lengthened by the court. This
course may be, and probably is, the best when the court of
chancery is always open to dismiss the bill, or to lengthen the
time. But such a practice is entirely unadapted to our sys-
tem, where the court is open only once a year for such a
purpose. We must, on a bill to redeem or foreclose, take
some definitive and final course, leaving nothing subjunctive,
for future action. The course is, therefore, the same in both
cases, that is, to fix a time when money due on the mortgage

is to be paid, and, on failure, the equity of redemption to be foreclosed.

This was not, however, simply a bill to redeem. It was for discovery and relief, as to usury, and was, in so much, a controversy suit. So far the orator has prevailed, and we cannot consider it equitable that he should pay the defendant costs, as if it were a mere bill to redeem. Had the orator actually tendered and offered to pay the defendant, the true amount due, and it had been refused, the orator would have been allowed to recover his costs. As to the cost in the suit at law, the defendant is entitled to it. He was entitled to the possession, and compelled to incur the cost of ejectment to procure possession. The premises being full security for the debt, we decree, that Smith pay to the clerk, for said Bailey, $1522,76, and the accruing interest thereon after the 6th of July, 1837, by the third Tuesday in June, 1839, together with $25,54, being the costs in ejectment, and hold said land released of all claim of Bailey, and the ejectment be perpetually enjoined. That, on failure of said payment, said Bailey hold the land foreclosed of all equity of redemption ; and the injunction, heretofore granted on the ejectment, be dissolved.