### JULIA TETRAULT *vs.* JOSEPH A. LABBÉ.

Bristol.   November 30, December 1, 1891. — February 24, 1892.

Present : ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Mortgage — Bill to redeem — Decree in Former Suit — Foreclosure Sale — Bar.*

A decree in a suit in equity to redeem land from a mortgage, fixing the amount due thereon and the time of payment, and ordering that, in default of payment, the bill shall be dismissed, is not a bar to a second suit between the same parties to redeem the land from the mortgage, if it appears that, besides a failure of the plaintiff to comply with the decree, the defendant received, between the date of its entry and the time fixed for payment, rents from the estate, and that no further order was entered in the former suit.

If a defendant mortgagee in a bill in equity to redeem land from the mortgage, upon the plaintiff's failure to pay the amount fixed by a decree therein, without furnishing the plaintiff, upon reasonable request, with a statement of rents received by him after entry of the decree, or so keeping his accounts that he could do so, and without procuring the dismissal of the bill, proceeds to sell the land to himself under a power contained in the mortgage, a foreclosure sale so made is ineffectual to bar the plaintiff's right to redeem.

BILL IN EQUITY, filed in the Superior Court on February 3, 1890, to set aside a sale under a power in a mortgage of land in Fall River, and to redeem the land from the mortgage.

The case was heard by *Sherman,* J., who dismissed the bill; and the plaintiff appealed to this court. The facts, so far as material to the points decided, appear in the opinion.

*J. M. Wood & L. E. Wood,* for the plaintiff.

*H. A. Dubuque,* for the defendant.

BARKER, J.   The defences relied upon are the decree entered in a former bill to redeem the lands from the defendant's mortgage, and a foreclosure sale made by him after the plaintiff had failed to comply with the terms upon which she was allowed by that decree to redeem. Neither of these defences is tenable, and the decree entered in this cause dismissing the bill must be reversed.

The decree in the former bill was not a final and absolute decree of foreclosure ; nor under the circumstances disclosed in the present suit could the mortgagee have obtained a decree of foreclosure without further proceedings.

The mortgaged property was in the possession of the defendant as mortgagee, and was occupied by tenants from whom during the pendency of the former bill he was receiving monthly rents. The decree in that suit fixed the amount due upon the mortgage and ordered that upon the payment of that sum on or before October 20, 1889, with interest from July 20, 1889, deducting all sums received by the mortgagee for rents after the latter date, the plaintiff should hold the property discharged from the mortgage; and that, in default of such payment by the time limited, the plaintiff's bill should be thenceforth dismissed, with costs. It is shown that the plaintiff did not comply with the terms of the decree, and also that between the date of its entry and the time fixed for payment the defendant received rents from the estate. No further order or decree appears to have been entered in that suit.

Where in a bill to redeem there is a decree fixing the amount and time of payment, if the plaintiff fails to make such payment the foreclosure does not become absolute, and a further order is necessary. According to the English practice, the mortgagee must show that the money has not been paid, and obtain an order dismissing the bill. Seton on Decrees, (1st Am. ed.) 516. *Sheriff* v. *Sparks,* West, Ch. 130. In Massachusetts it has been held unnecessary to obtain an order dismissing the bill, and a decree in favor of the mortgagee for his costs, entered after the failure of the plaintiff to redeem in pursuance of a decree in his favor, is held to work a foreclosure. *Stevens* v. *Miner,* 110 Mass. 57. But, as stated, no such order or decree was entered in favor of the defendant in the former suit, nor would the mortgagee have been entitled to a decree dismissing that suit, or for his costs. For if, after the entry of a decree fixing the amount and time of payment, the mortgagee receives rents, no further proceedings can be had until there has been a new accounting, and a new order passed fixing the amount and time of payment. The act of the mortgagee in receiving new rents opens and supersedes the former order. *Prees* v. *Coke,* L. R. 6 Ch. App. 645. *Allen* v. *Edwards,* 42 L. J. Ch. 455. *Garlick* v. *Jackson,* 4 Beav. 154. *Alden* v. *Foster,* 5 Beav. 592. *Ellis* v. *Griffiths,* 7 Beav. 83. *Wood* v. *Surr,* 19 Beav. 551. *Perine* v. *Dunn,* 4 Johns. Ch. 140. *Beach* v. *Cooke,* 28 N. Y. 508, 535. *Bolles* v. *Duff,* 43 N. Y. 469. *Smith*

v. *Bailey*, 10 Vt. 163. For these reasons, the decree in the former suit is not a bar to the plaintiff's right to redeem.

Immediately after the expiration of the time limited for pay ment in the former suit, the mortgagee, without procuring the dismissal of the plaintiff's bill, began proceedings to foreclose under the power of sale contained in his mortgage, making a sale to himself, and the sale so made is the other defence relied on. This sale cannot avail him, because it was advertised and made before any final disposition of the former suit, in which he was enjoined from foreclosing his mortgage until the further order of the court. Besides this, it appears that he was himself in fault, in not having furnished the plaintiff, upon reasonable request, with a statement of the rents received by him after the entry of the decree in the former suit, and in not having so kept his accounts of the rents that he could make such a statement. A foreclosure sale made to himself under such circumstances cannot be effectual to bar the mortgagor's right to redeem.

. It is not necessary to consider whether, if the defendant had treated the former bill as still pending, and had pleaded its pendency in bar of the present suit before answering to the merits, his plea would have been good. *Morton* v. *Sweetser*, 12 Allen, 134. Story, Eq. Plead. §§ 708, 736. 1 Dan. Ch. Pl. & Pr. (5th ed.) 634, 637. Both parties have treated that suit as abandoned, and it is enough for the decision of the present suit to show that the decree in the former suit was not a decree of foreclosure. For these reasons, the decree dismissing the bill must be reversed, and a new account must be stated, and the terms upon which the plaintiff is entitled to redeem settled in the Superior Court.

*So ordered.*