EDGAR H. DAVENPORT *v.* CHARLES H. DAVENPORT AND EDWARD C. CROSBY.

Special Term at Brattleboro, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed November 23, 1907.

*Mortgages—Purchase and Foreclosure of First Mortgage by Second Mortgagee—Evidence—Assignment—Certified Copy of Record—Master's Report—General Reliance on Voluminous Exceptions—Consequence.*

It was not inequitable for a second mortgagee of real estate to purchase and foreclose the first mortgage, although at the time of such purchase and foreclosure there were certain contracts between him and the mortgagor, distinct from the first mortgage and in no way relating thereto, touching matters of the holding of the real estate under the second mortgage, and collaterals held by the former as security for signing notes for the latter, and against payments that he might be obliged to make thereon.

In a proceeding by a second mortgagee of real estate to foreclose the first mortgage, which he had purchased, a certified copy of the assignment of the first mortgage to the petitioner was properly received as evidence of that assignment, it not appearing that any objection was made to its form.

The prayer prescribed in the statutory form for a petition to foreclose a real estate mortgage, "that the equity of redemption in the premises may be foreclosed agreeably to the provisions of law," is sufficient to warrant a decree shortening the usual time of redemption, and, hence, the reception of evidence bearing on that question.

Where three pages of exceptions to a master's report are relied on generally, without stating why, or more specifically regarding any of them, either in the brief or argument, the exceptions will not be considered.

APPEAL IN CHANCERY. Heard on pleadings, master's report and exceptions thereto, at the April Term, 1907, Windham County,

*Taylor*, Chancellor.   Decree for the petitioner.   Defendants appealed.

On June 1, 1900, defendant Charles H. Davenport and his wife, who has since deceased, executed to the Brattleboro Savings Bank, a mortgage deed of a house and lot in the village of Brattleboro, conditioned for the payment of $3,000, specified in two promissory notes, each payable to said bank on demand with interest semi-annually, one note for $2,400, signed by Charles H. Davenport, and the other for $600, signed by him and Edward C. Crosby.   On March 31, 1906, the Brattleboro Savings Bank, by an instrument signed, sealed, witnessed, acknowledged, and recorded, assigned this mortgage to the petitioner, and indorsed to him the two notes thereby secured, which is the mortgage here sought to be foreclosed.   On December 15, 1900, Charles H. Davenport and his said wife duly executed and delivered to the petitioner a warranty deed of said premises, subject to said mortgage.   On December 17, 1900, the petitioner and Charles H. Davenport executed a written agreement between them, wherein it was recited that the latter had deeded said premises to the former, had assigned to him certain corporate stock and certain rights of action, and had assigned a life insurance policy to a certain bank as collateral security for his notes held by it, on which the petitioner was surety; and that the petitioner was also surety for said defendant on certain other notes held by certain other banks.   In that agreement the petitioner also acknowledged that he held all said property so assigned or transferred to him "in trust, and as collateral to secure me for so signing and indorsing said notes, and when all of said notes are fully paid and I am saved harmless from all liability on account thereof, then I shall redeem said house and lot to C. H. Davenport," and transfer to him the remainder of said property. On February 28, 1903, the same parties executed another written contract between them, wherein it was recited that Charles H. Davenport "is largely indebted" to the petitioner on account of the payment by him of notes that he signed as surety for said Charles, and that as security for such indebtedness the petitioner held said deed of said house and lot and also certain corporate stock and other collateral; and wherein the petitioner agreed that if Charles H. Davenport should pay him $4,000, with interest from May 1, 1903, out of the proceeds of a claim held by the

26

petitioner as collateral and which was then in litigation, the petitioner would release to him all collateral except a certain life insurance policy, including the balance of said claim in litigation. Defendant Davenport claimed that the petitioner had so violated these agreements that it was inequitable for him to purchase or foreclose the bank mortgage here in question.

*Gibson & Waterman* for the petitioner.

*Arthur P. Carpenter,* and *Frank E. Barber* for the defendants.

WATSON, J. The petitioner, a second mortgagee by virtue of a warranty deed in form but in fact a mortgage as between the parties, purchased the first mortgage, the same being duly assigned to him by an instrument signed, sealed, witnessed, acknowledged, and recorded. It is this mortgage which he here seeks to foreclose. At the time of the purchase, there were two contracts of prior dates in force between the petitioner and the defendant, touching matters of the holding of the real estate under the second mortgage, and collaterals held by the former as security for signing notes as surety for the latter, and against payments which he might be obliged to make thereon. But these contracts are entirely distinct from the first mortgage, and in no way relate thereto. Nor is the petitioner's position under the contract such as to render it inequitable for him to purchase the first mortgage as he did, or to enforce it by foreclosure proceedings while the contracts are yet in force and being acted under.

As evidence of the assignment of the first mortgage, a certified copy of the record was received subject to objection. In substance the evidence was proper, and it does not appear that any objection was made to its form.

The petition and prayer are in the statutory form, the latter being, "that the equity of redemption in the premises may be foreclosed agreeably to the provisions of law." Evidence was received by the master showing the value of the premises, against the objection that the prayer does not ask for shortening the time to redeem from one year, the time usually allowed for that purpose. But no prayer in terms specifically touching the time was essential to the admissibility of such evidence. For in

a case of strict foreclosure it is an incident of the remedy that the mortgagor be allowed a specified time, fixed by the decree, for the payment of the debt. The course is to fix a time in which the amount found due on the mortgage shall be paid, and on failure of payment within the time limited, the equity of redemption to be foreclosed. *Smith* v. *Bailey,* 10 Vt. 163; *Perine* v. *Dunn,* 4 Johns. Ch. 140; *Clark* v. *Reyburn,* 75 U. S. (8 Wall.) 318, 19 L. ed. 354. In the case last cited the decree of foreclosure was unconditional and made absolute at once, as to some of the defendants, without giving them time for the payment of the debt and redemption of the property. This was held to be a fatal defect in the decree. The time allowed for that purpose, says Chancellor Kent in *Perine* v. *Dunn,* rests in discretion, and is to be regulated by the circumstances of the particular case.

It is urged in defendants' brief that the exceptions to the master's report, printed in the record,—covering three pages,—should have been sustained, without stating why or more specifically regarding any of them. In argument defendants' solicitor was asked by the Court if he could point out any particular exception on which he relied more than others, to which he answered that he could not, but that he relied upon them all. In such circumstances the Court will not hunt for errors.

*Decree affirmed and cause remanded. Let a new time of redemption be fixed below.*