[Civ. No. 12725.   Second Appellate District, Division Two.—January 28, 1941.]

THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., OF LONDON, ENGLAND (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOSEPH E. CHRISTIAN, Respondents.

Joe Crider, Jr., Clarence B. Runkle and John J. Haydon, for Petitioner.

Everett A. Corten for Respondents.

WOOD, J.—Joseph E. Christian was injured on August 11, 1939, while in the employ of Otis Elevator Co. There is no question but that the injury arose out of and in the course of his employment. Petitioner is the insurance carrier for the employer and seeks to annul an award by the commission in favor of the employee.

Christian fell and struck his back and head while hoisting sections of an escalator. The commission found that he suffered "injury to his back and head . . . said injury caused temporary total disability beginning August 11, 1939, to and including January 8, 1940, and continuing indefinitely thereafter . . . ". Petitioner admits some injury to both the back and head of the employee but contends that all of the disability had disappeared as of October 21, 1939, the date on which it stopped payments of disability indemnity to the employee.

The respondent commission concedes that the head injury did not endure later than October 21, 1939, but contends that the back injury continued beyond that date and that the evidence is sufficient to uphold the award. Petitioner presented reports of a number of medical experts holding that the employee was suffering from a mental affliction having no bearing upon his employment and also holding that the disability caused by the injury to the back did not continue beyond the date on which payment ceased. It is contended that there is no substantial conflict in the evidence and that the opinions

and findings of the experts must be followed by the commission. Dr. C. W. Irish was on January 15, 1940, appointed by the commission as expert medical advisor and he reported: "Tenderness was reported on palpation over the sacro-iliac synchondroses but particularly of the gluteli muscles, entirely bilaterally". The employee stated that he had not been able to do any work since the time of the accident. He testified: "The reason I am unable to work at this time is because I have pains in the back, and I can't do any heavy lifting; that is why I can't work. Q. Have you tried to do any work? A. I haven't tried to. I changed a tire on my car, and I had a terrible time doing it."

The question of the duration of the disability is one of fact to be determined by the commission and if there is substantial evidence to support the finding and order of the commission this court may not substitute its views for those of the commission and annul the award. (*Hartford A. & I. Co.* v. *Industrial Acc. Com.*, 202 Cal. 688 [262 Pac. 309, 58 A. L. R. 1392].) It appears from the reports of the physicians that the employee did in fact receive an injury to his back. The testimony of the employee presented substantial evidence to support the finding of the commission that the disability had not ceased on January 8, 1940. We are not unmindful of the rule that the commission may not disregard the opinion of medical experts in cases where the question is "one within the knowledge of experts only and not within the common knowledge of laymen." (*William Simpson C. Co.* v. *Industrial Acc. Com.*, 74 Cal. App. 239 [240 Pac. 58].) The present case however, is not one in which experts only could supply information, for the injured person naturally was in the best position to tell whether he was suffering pain. The experts could give opinions as to the probable duration of the pain but their opinions would not be conclusive in a particular case. Expert testimony must be relied upon "in cases where the truth is occult and can be found only by resorting to the sciences". (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 195 Cal. 174 [231 Pac. 996].) The question whether Mr. Christian was suffering such pain as would prevent his working at the time of the hearing by the commission was not one which could be determined only by resorting to the sciences. In *County of Los Angeles* v. *Industrial Acc. Com.*, 14 Cal. App. (2d) 134

[57 Pac. (2d) 1341], the employee suffered a severe pain in the lower part of his back while lifting a heavy tire wheel. The commission made an award for permanent injury based upon the testimony of the employee without the evidence of experts. This court refused to annul the award.

■■ Petitioner contends that a guardian *ad litem* should have been appointed for Mr. Christian, basing the contention upon the reports of physicians that he was suffering from a mental disease. It also argued that the mental condition of the employee was such as to lessen the value of his testimony given before the commission. Both of these matters were before the commission for its consideration and the referee was in position to judge the value of the testimony of the employee in view of the claims of his mental incapacity. Moreover, the evidence on the subject of the mental condition of the employee is not without conflict. Mr. Christian was in the psychopathic ward of the General Hospital for observation for a period of six days and was discharged on the recommendation of the physician in charge, Dr. Carter stating: ''Patient may have had some episode before coming here as described but since he has been here he has been perfectly all right. I see no reason why he could not go outside''.

■ The commission found that part of the medical treatment furnished to Mr. Christian was furnished by the county of Los Angeles and that he is entitled to reimbursement for the reasonable medical expenses to be subsequently determined. The commission now concedes that this finding is erroneous and it will therefore be necessary to remand the proceeding to the commission.

Petitioner complains that the commission did not specifically find that the head injury had ceased on October 21, 1939, and expresses the fear that it may be held liable indefinitely for the mental unsoundness of the employee. The commission concedes that the employee did not suffer from the head injury after October 21, 1939. In view of this concession on the part of the commission and in view of the fact that the proceeding must be remanded for further action we fail to see how petitioner has been injured by the failure of the commission to specify liability for the back injury only. This point may be clarified by the commission in a subsequent award.

The award is annulled and the proceeding is remanded to respondent commission for further action not inconsistent with his opinion.

Moore, P. J., and McComb, J., concurred.