## Yocum Creek Coal Co. v. Jones et al.

October 22, 1948.

James Sampson and Sampson & Sampson for appellant.

Golden & Lay for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Harlan Circuit Court affirming an award of the Workmen's Compensation Board.

Berry Jones, an employee of the Yocum Creek Coal Company, received serious injuries in an accident arising out of and in the course of his employment. The Board

found that he had been totally and permanently disabled, and awarded him compensation at the rate of $15 a week, beginning July 22, 1944, for a period not exceeding 10 years and not to exceed $7,500. The award was credited with certain payments which had been made by the employer. The sole contention on this appeal is that the award is not supported by the evidence.

The appellee was 25 years of age when he testified in January, 1946. He had worked in the mines as a coal loader for 8 years prior to his injury, has a limited education, and is fitted to perform manual labor only. He was injured by a fall of slate while shoveling coal and while he was on his knees in a stooping position. He was extricated by three fellow workmen who found him completely covered with the fallen material, including one rock weighing from 75 to 100 pounds which had fallen on his back. He was taken to a hospital where he was placed in a cast which he wore two or three months. Eighteen months after the accident appellee testified that he had been unable to do any kind of work, suffered considerable pain in his abdomen and the lower part of his back, and was unable to control the action of his kidneys. The proof showed that prior to the accident he was an able-bodied young man, and that he worked regularly. His average earnings were $11.53 a day. Two medical witnesses were introduced by the claimant and two by the employer. Dr. J. T. Evans made an X-Ray and physical examination of appellee on September 17, 1945, and found that he had suffered fractures of the pelvis and the second and third lumbar vertebrae. When asked whether the injuries were temporary or permanent, he answered: "I think they are permanent, so much that I thought he seemed to have some bladder symptoms, and I recommended that he see a urologist and recommended that he see Dr. Neil in Knoxville, which I understand he did."

He stated that the kidney and bladder trouble resulted from the traumatic injury, and that appellee was totally and permanently disabled. Dr. J. B. Neil, a urologist of Knoxville, Tennessee, examined appellee and found a fracture of the transverse process of the fourth lumbar vertebra. He stated that the only way he could explain the urological symptoms was that pressure on the nerves supplying the bladder and the bladder

neck resulted from the fracture. In his opinion there is a possibility that a laminectomy might relieve the pressure, but the result of such an operation is speculative. Dr. Neil expressed the opinion that appellee is unable to perform manual labor.

Dr. W. P. Cawood, a witness for the appellant, examined appellee at the hospital after the injury was received, and again in January, 1946. X-Ray pictures made at one of these examinations disclosed a fracture or chip of the third lumbar vertebra, but did not disclose fractures of the second or fourth lumbar vertebrae or the pelvis. In Dr. Cawood's opinion appellee has about a 25 per cent. disability to the body as a whole. The testimony of Dr. Tracy Jones, who treated appellee after the accident, was similar to the testimony of Dr. Cawood.

It is appellant's contention that the question involved is one of scientific or particular skill, does not lie within the range of common knowledge, and, therefore, only persons with special experience and skill in the particular science are qualified witnesses. It is further contended that the opinions expressed by appellee's medical witnesses were based on the symptoms described by him and not upon any conditions disclosed by their examinations, and that the only competent testimony is that offered by appellant which fixes the extent of appellee's disability at not more than 25 per cent. to the body as a whole. The opinions of appellant's medical witnesses were based on the reading of an X-Ray picture which showed a fracture of one vertebra, the third lumbar, but other X-Ray pictures revealed fractures of the second lumbar vertebra and pelvis, and a fracture of the transverse process of the fourth lumbar vertebra. The evidence shows that appellee was a strong, able-bodied young man prior to the accident and since the accident has suffered great pain in the region of the injury, has had kidney and bladder trouble, and has been unable to do any kind of manual labor. Concerning his physical condition in the future, Dr. Evans, testifying on January 28, 1946, nearly two years after the accident, said: "I don't think he will improve any more, so far as his fractures are concerned, they are healed. His kidneys and bladder, I doubt if they will ever improve any more."

As was held in James v. Elkhorn Piney Coal Mining Company, 277 Ky. 765, 766, 127 S. W. 2d 823, appellee's testimony concerning his condition was competent and has some probative value. A claimant, like any lay witness, may not undertake to make a prognosis, but he may state facts concerning his condition and these facts may be of such a nature as to enable the Board to determine the extent and duration of the disability even in the absence of medical testimony. Hardwood Sales Company v. Meeks, 286 Ky. 500, 151 S. W. 2d 406; Consolidation Coal Company v. Marcum's Adm'r, 289 Ky. 220, 158 S. W. 2d 150; City of Olive Hill v. Parsons, 306 Ky. 83, 206 S. W. 2d 41.

In view of the policy of broad and liberal construction of the Workmen's Compensation Law, it devolves upon the Workmen's Compensation Board to construe evidence liberally in favor of claimants in compensation cases. We think the evidence in the present case is amply sufficient to sustain the award of the Board, and the judgment accordingly is affirmed.