[Civ. No. 24533. Second Dist., Div. Two. June 24, 1960.]

SOUTHERN COUNTIES GAS COMPANY OF CALIFORNIA (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and RICHARD JAMES SCHOTTS, Respondents.

Clopton & Penny for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Lewis Garrett and Lionel Richman for Respondents.

KINCAID, J. pro tem.*—Petitioner, employer-insurer, seeks review and annulment of commission's findings and award affirming a prior findings and award in favor of respondent Schotts, its employee.

The commission found that the employee suffered injury to his back on March 28, 1958, which injury arose out of and occurred in the course of his employment by petitioner. The commission further found that the employee suffered injury resulting in permanent disability rated at 11¾ per cent of total, entitling the employee to $1,880 in compensation.

Upon petition for reconsideration being filed the commission, inter alia, found that the injury sustained by the employee on March 28, 1958, was to his back and was industrial in origin. The injury occurred when applicant was in the attic of a home doing work on a gas appliance. He raised up and struck his back against a beam in the attic. The injury was sufficient to cause immediate symptoms of pain. An indentation in his back remained for some time and finally went away. The beam struck the bone of his back at a point three to four inches above the belt line but the pain went down his back and finally centered at a point three to four inches below his belt line. The commission thereupon granted reconsideration on the

---

*Assigned by Chairman of Judicial Council.

written assumption that petitioner would authorize the expense of an independent medical examiner in the field of neurosurgery with authority for necessary tests and X-rays.

On January 22, 1960, the commission filed its further finding that, the reconsideration having been granted to permit petitioner to authorize the employment of additional medical examiner in the field of neurosurgery in order to possibly clarify the conflict in the medical record and petitioner having responded that it refused to authorize this additional expense, the commission proceeded to reread the medical reports and to review the merits of the present record. The commission thereupon made its finding that a preponderance of evidence, including the medical evidence, substantiates the original award of the trial referee and the findings and award theretofore made were affirmed.

Petitioner contends that the medical evidence in the record fails to show a relationship between the alleged disability and the injury and the award is based upon speculation. The sole question presented for our consideration is whether the findings and award are supported by substantial evidence.

The record indicates that on April 24, 1958, because of the worsening pain in his back, employee reported to petitioner's Dr. Bien. This doctor diagnosed the injury as ''[m]uscle strain lower back''; recommended home treatment and released the employee as ''able to report for duty on April 28, 1958.''

On August 6, 1958, employee filed his application for compensation and was then examined by petitioner's Dr. Heppner. This doctor reported complaints of pain in the lower back and that on the day following injury the employee, through his mirror, had seen a mark extending across his lower back which apparently was the imprint from the struck beam. His examination failed to elicit any objective findings accounting for the employee's subjective claims.

Dr. Heppner referred the employee to Dr. Ferguson who treated him for about a month beginning in October, 1958. This doctor reported that although the employee stated that the pain appeared to migrate more to the lower back rather than in the upper part of the back where the original blow occurred, it was the doctor's initial impression that the direct blow injury to his dorsal spine has no bearing on the present complaint; being in the lumbar area it is away from the anatomic area involved in the injury.

On January 28, 1959, employee was examined by his own

Dr. Mason and by report dated February 4, 1959, he stated his impression to be that employee has an intermittent type of L4 disc which does not stay out long enough to cause a definite persisting objective type of sciatica, but when it lets go during active lifting and pulling causes him to lose temporary control of the situation; that he is temporarily disabled for the type of work that he was doing at the time of the injury until it is ascertained whether support would enable him to do the work or if not then surgery would be required. Dr. Mason concluded that the best disposition of the case would perhaps involve choice of an occupation less demanding of the back than the occupation which the employee had been following.

On March 4, 1959, Dr. Armstrong was appointed as an independent medical examiner in orthopedic surgery. This doctor in his report of March 19, 1959, gave it as his opinion that the back complaints of the employee are developmental embellished by a rather nervous hypertonic temperament but that they have no bearing on the injury claimed. He further stated the type of injury sustained might well be quite a shock at the moment of impact and cause some aching and discomfort in his back for several weeks but would not cause any permanent disturbance; that the shift into lighter type of work a few weeks after the accident was adequate temporary rest for the temporarily symptomatic back and it was his further opinion that inability to resume any or all type of work at a later date is not the result of the injury claimed but rather the accumulation of normal wear and tear on a definitely substandard back.

The referee's instructions to the rating bureau, as to the extent of the permanent disability, took into account "slight" subjective complaints of the employee and objective limitations as noted in Dr. Armstrong's said report. The rating report lists factors of rating to be as follows: "Limited forward flexion of spine, tips of fingers failing to touch floor by 4″; 20% restriction of hyperextension: ⅞″ atrophy of right thigh muscles; slight ache in low back occasionally extending down right leg; hypesthesia over lateral aspect of calf and foot; intermittent aching or numbness over dorsum of foot: plus disability as indicated above by Referee."

The commission, reporting on its decision after reconsideration, in referring to the rereading of the report of Dr. Mason alluded to the "various bridging symptoms" commencing with

the date of the injury and continuing to the time of Dr. Mason's examination of the employee.

The employee's own testimony herein included his complaints of persistent pain over the entire back area following the accident both above and below his belt line. He was 23 years of age at the time of the injury, had been in robust health, had engaged in athletics and never had had any back trouble before the accident in question.

Petitioner argues that the medical evidence is conflicting and at best slight and particularly relies on the testimony of the independently appointed Dr. Armstrong, contending that the commission is bound by such evidence. Employee and the respondent commission assert that the foregoing evidence, including that of the employee, fully supports the finding of permanent disability and the extent thereof as resulting from the injury to his back.

The question of the duration of his disability is one of fact to be determined by the commission and if there is substantial evidence to support the findings and order of the commission the court may not substitute its views therefor. (*Employers' etc. Corp.* v. *Industrial Acc. Com.,* 42 Cal.App. 2d 669, 671 [109 P.2d 716].)

It is the province of the commission to resolve conflicts in the evidence and as trier of fact it may accept the evidence of any one expert or choose a figure between them based on all of the evidence. (*Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.,* 33 Cal.2d 89, 94 [199 P.2d 302].)

Futhermore, with claimed injuries of the character here under consideration the commission was entitled to consider the employee's own testimony as against that of the medical experts. The testimony of each must be considered by the commission and the conflict must be resolved by it.

The injury here complained of is not of a nature wherein experts only could supply information for the injured person naturally was in the best position to tell whether and where he was suffering pain. The experts could give opinions as to the probable duration of the pain but their opinions would not be conclusive. (*Cadotte* v. *Industrial Acc. Com.,* 86 Cal. App.2d 754, 758 [194 P.2d 563]; *Employers' etc. Corp.* v. *Industrial Acc. Com., supra,* p. 671.) The commission had the power to resolve the conflict in the evidence, was not required to rely entirely on medical expert testimony and was privileged to exercise a reasonable discretion in the award as made.

It is established that certainty of proof is not required in cases of this nature and an award cannot be disturbed unless the reviewing court can say that a reasonable man could not have reached the conclusion which was here made by the commission. (*Pacific Indem. Co.* v. *Industrial Acc. Com.,* 28 Cal.2d 329, 339 [170 P.2d 18]; *City & County of San Francisco* v. *Industrial Acc. Com.,* 183 Cal. 273, 283 [191 P. 26].) Our review of the evidence establishes sufficient grounds for the exercise of a discretion by the commission in making its award in favor of the employee herein.

The award is affirmed.

Fox, P. J., concurred.

ASHBURN, J., Dissenting.—I am unable to concur. To my mind the controlling question is one of cause and effect, "where the truth is occult and can be found only by resorting to the sciences." (*Employers' etc. Corp.* v. *Industrial Acc. Com.,* 42 Cal.App.2d 669, 671 [109 P.2d 716].) No expert witness expressed the opinion that respondent's present condition is the outgrowth of his industrial injury and I think the absence of such proof is fatal to the award.

An application for a rehearing was denied July 18, 1960. Ashburn, J., was of the opinion that the application should be granted. Petitioner's application for a hearing by the Supreme Court was denied August 17, 1960. McComb, J., was of the opinion that the application should be granted.