**The TRAVELERS INSURANCE COMPANY, Appellant,**

**v.**

**Roland R. RUDY, Jr., Appellee.**

**No. 21673.**

United States Court of Appeals
Fifth Circuit.

Dec. 18, 1964.

Max N. Osborn, Thornton Hardie, Jr., Midland, Tex., Turpin, Smith, Dyer & Hardie, Midland, Tex., of counsel, for appellant.

Warren Burnett, Robert D. Pue, Odessa, Tex., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

In this Texas Workmen's Compensation case, the sole question on appeal is whether there is sufficient evidence in the record to support the submission to the jury of the issue of the permanency of the injury to claimant, and the jury's finding of permanent injury pursuant thereto. The only witness at the trial was the claimant, who testified that it had been twenty-seven months since the injury was incurred, that he had been to four doctors and was still under treatment, that his condition was getting worse, and that his suffering attributable to the injury had required him to leave four jobs.

If, disregarding all adverse evidence and giving credit to all that is favorable to a successful party, and drawing every legitimate inference that is favorable to him, the jury might have found in his favor, then it is to be concluded that there is evidence to support the verdict. Allbriton v. Sunray Oil Corp., D.C., 88 F.Supp. 54, modified on other grounds, 187 F.2d 475 (D.C.S.D. Tex., 1949). Texas law allows a finding of permanent injury to be inferred from circumstantial evidence and to be based on the testimony of the claimant alone. Travelers Insurance Co. v. Wade, Tex. Civ.App., 373 S.W.2d 881 (1963). After reviewing the record, we are of the opinion that there is sufficient evidence to support an inference by the jury that the injury was permanent.

We feel that Indemnity Ins. Co. of North America v. Cady, Tex.Civ.App., 356 S.W.2d 323 (1962) and Travelers Insurance Co. v. Linder, Tex.Civ.App., 368 S.W.2d 797 (1963), which were relied upon by appellant, are distinguishable from the facts of the present case.