### Patricia Merrill v. University of Vermont and The Hartford Insurance Group

[329 A.2d 635]

No. 53-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed December 3, 1974

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, and *Featherston, Nomas, Klubock & Griffin,* Boston, Massachusetts, of counsel, for Plaintiff.

*Theriault & Joslin,* Montpelier, for Defendants.

**Larrow, J.** By findings and order dated May 8, 1972, the Commissioner of Labor and Industry found that the plaintiff's disability, incurred by accidental injury sustained July 23, 1970, in the course of her employment by the defendant University, had reached an end result without permanent disablement, and denied her claim for additional benefits from Hartford, the insurance carrier. Plaintiff appealed to the Chittenden County Court, where the court, jury waived, answered the questions certified to it by finding her disability to be continuing, her entitlement to workmen's compensation benefits continuing, and the end result of her recovery not to have been reached. Pursuant to 21 V.S.A. § 678(b) the court

awarded plaintiff reasonable attorney fees, not here questioned should the trial court be affirmed.

Although appellants hotly contested a motion for new trial after the judgment below, its denial is not raised here as a ground for reversal. Only two such grounds are now asserted, going essentially to the same issue. Appellants claim that the evidence below did not support the court's findings, and that the court's refusal to find in accordance with their requests was error.

Appellants take nothing from the failure of the trial court to find as requested. Twelve requests to find, some lengthy, were filed with the court. But nowhere in their brief do appellants direct our attention to any specific request claimed to be required by the evidence. This is inadequate briefing, as this Court does not hunt for errors. *Davenport* v. *Davenport*, 80 Vt. 400, 68 A. 49 (1907) ; *Houghton* v. *Grimes*, 103 Vt. 54, 151 A. 642 (1930); *Roberts* v. *Gray*, 119 Vt. 153, 122 A.2d 855 (1956) ; *In re Wright*, 131 Vt. 473, 310 A.2d 1 (1973). Beyond this, however, three of the twelve requests were found by the court, two deal with the wholly immaterial relationship between plaintiff and her counsel, four are couched in the form of recital of testimony condemned by *Krupp* v. *Krupp*, 126 Vt. 511, 236 A.2d 653 (1967), as not legal findings, and the other three are merely statements of conclusions opposite to those reached by the court. These three raise the same issues hereinafter considered in reviewing the adequacy of the evidence to support the findings made.

The facts here involved are relatively simple. It is undisputed that plaintiff suffered a fall in the course of her employment on July 23, 1970, sustaining a compression fracture of her eighth thoracic vertebra, with a 20% collapse on the dorsal side. It is also undisputed that the disability for work, largely because of resultant pain, continued to April 8, 1971. Defendants claim that an end result had been reached as of that date, and that plaintiff was thereafter able to return to work. Plaintiff claims that continuing pain made any return to work impossible, and testified to this effect over objection that such testimony was beyond her competence. The claim in this court is that the finding below, of continuing disability after April 8, 1971, cannot stand because it is supported only by plaintiff's testimony and not by expert opinion.

Plaintiff's physician, an internist, testified that she was presently disabled by pain, consistent with but more extensive than he would expect from her fractured vertebra, and declined to express an opinion as to whether her continuing disability was the result of her accident. His treatment of the patient commenced some time after her injury.

Defendant's medical witness, an orthopedic surgeon who saw the plaintiff on two occasions for examination, about two years apart, agreed that she was in some pain, that pain was a subjective thing, and that based on X-rays and physical examination, made by him, the pain was not sufficient to keep her from returning to work. On cross-examination, he stated that without what he felt was disabling pain, she could have returned to work, and that it was her judgment as to whether she could do so. He admitted the possibility of something inorganic resulting from the accident causing her present pain.

Appellants base their contention that expert testimony is here required largely upon our holdings in *Burton* v. *Holden & Martin*, 112 Vt. 17, 20 A.2d 99 (1941) and *Howley* v. *Kantor*, 105 Vt. 128, 163 A. 628 (1933). Both cases, on their facts, held expert testimony a requisite. But in *Burton* the issue was whether a sliver in the thumb caused a later death from cerebral thrombosis, and in *Howley* the issue was whether a breast injury would result in cancer. Neither case lays down any rule of universal application requiring medical testimony to establish any claimed injury or disability. To the contrary, *Burton* expressly recognizes what we conceive to be the gravamen of the general rule:

> There are many cases where the facts proved are such that any layman of average intelligence would know, from his own knowledge and experience, that the injuries were the cause of death. In such a case the requirements of law are met without expert testimony. But where, as here, the physical processes terminating in death are obscure and abstruse, and concerning which a layman can have no well founded knowledge and can do no more than indulge in mere speculation, there is no proper foundation for a finding by the trier without expert medical testimony. [*Id.* 112 Vt. at 19.]

Nothing obscure or abstruse is involved in the finding here

under consideration. The injury and its cause are both admitted, as is the original existence of disabling pain. To be determined is the continuing existence of that pain, a subjective matter peculiarly within the knowledge of the claimant. On such a matter she was competent to testify, and her credibility was a matter for the trial court.

Our conclusion in this respect is fully supported by the general discussion of the subject to be found in 3 A. Larsen, Workmen's Compensation Law §§ 79.50–79.54 (1973). The cases there collected show the general rule quoted from *Burton, supra,* to be of almost universal recognition.

■ Where, as here, the injury and resultant disability are unquestioned, the burden of proof is on the employer who seeks to terminate compensation upon the ground that the disability has ceased. *Soucy* v. *Fraser Paper, Ltd.,* 267 A.2d 919 (Me. 1970). Defendants conceded this burden on argument.

Some cases go so far as to hold that a finding of permanent disability may be based on the testimony of the claimant alone. *Cf.* Larsen, *supra; Travelers Ins. Co.* v. *Rudy,* 340 F.2d 132 (5th Circ. 1964). This is a point we are not here called upon to decide, and it may well be that close analysis of the cases so holding would reveal that they turn upon the general nature of the disability. But the rule that continuance of an admitted condition, especially where subjective, may be established by testimony of the claimant alone, which has probative value and is sufficient to support a finding, has general support. *Soucy, supra; Shell Oil Co.* v. *Industrial Comm.,* 2 Ill.2d 590, 119 N.E.2d 224 (1954); *Yocum Creek Coal Co.* v. *Jones,* 308 Ky. 335, 214 S.W.2d 410 (1948); *American Motorists Ins. Co.* v. *Black,* 253 S.W.2d 678 (Tex.Civ.App. 1953); *Liberty Mutual Ins. Co.* v. *Industrial Acc. Comm.,* 33 Cal.2d 89, 199 P.2d 302 (1948); *James* v. *Elkhorn Piney Coal Mining Co.,* 277 Ky. 765, 127 S.W.2d 823 (1939); *Employers Liability Ass. Corp.* v. *Ind. Acc. Comm.,* 42 Cal.App.2d 669, 109 P.2d 716 (1941).

It is recognized that the testimony of the injured party may outweigh that of medical witnesses who are not confronted with the problem of living with the injured member and who are generally not in as good a po-

sition as the injured party to evaluate the severity of his pain and the disabling effects thereof. [*American Gen. Ins. Co.* v. *Florez,* 327 S.W.2d 643, 648 (Tex.Civ.App. 1959).]

The question of the duration of the disability is one of fact to be determined by the commission, and if there is substantial evidence to support the finding and order of the commission this court may not substitute its own views for those of the commission and annul the award . . . . It appears from the reports of the physician that the employee did in fact receive an injury to his back. The testimony of the employee presented substantial evidence to support the finding of the commission that the disability had not ceased on January 8, 1940. [*Employers Liability Ass. Corp.* v. *Ind. Acc. Comm., supra,* 109 P.2d at 718.]

We are convinced that the findings of the trial court do not deal with an abstruse or obscure condition requiring expert medical opinion within the holdings of *Burton* and *Howley, supra.* With the initial pain, disabling in extent and resulting from the injury, conceded, its continuance in a disabling degree and subjective nature is well within the testimonial competence of the claimant. Her testimony was found credible by the trial court, as well it might be in light of the medical testimony that, even though not expected, it was possible. We will not disturb the findings here, and the judgment below must be affirmed.

As in the court below, the claimant, prevailing here, is entitled to reasonable attorney fees under 21 V.S.A. § 678(b). If the parties are unable to agree as to the amount thereof, the matter will be referred to a commissioner.

*Judgment affirmed, but modified to provide that plaintiff recover reasonable attorney fees in this Court, to be determined by a commissioner unless stipulated to by the parties by December 16, 1974.*