MARY McKALE *v.* RALPH WEEKS.
(55A2d 199)

May Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion Filed October 7, 1947.

*Waldo C. Holden* for the defendant.

*Victor A. Agostini* and *Christopher A. Webber* for the plaintiff.

SHERBURNE, J. The injuries for which recovery is here sought were received on August 25, 1945, in an accident at the north-east corner of the intersection of Main and North Streets in the Village of Bennington. From a verdict and judgment for the plaintiff the defendant has excepted.

Viewed most favorably to the plaintiff the evidence reasonably tended to show the following facts: Defendant's Ford Sedan had been parked parallel to the curb on the easterly side of North

Street a very short distance north of the white lines marking the cross-walk for the use of pedestrians walking on the northerly side of Main Street. The plaintiff had walked westerly on Main Street and was intending to cross North Street at the intersection. It was raining and she was holding an umbrella over her head. As she came to the intersection traffic was passing on Main Street, but as she stepped off the curb of North Street the traffic light at the intersection turned to amber and she stopped within the lines of the cross-walk about a foot and a half from the curb and back of defendant's sedan. When she was standing there the defendant backed his sedan and its bumper hit her and knocked her down. Because of a car parked ahead of defendant's car it was necessary for him to back up before he could drive away. He testified that he knew that there were always a lot of people about that corner, and that he looked out of the driver's side and into the mirror for anything that might show through the rear window before backing up, and saw no one behind him. He gave no signal of his intention to back up. While backing he heard someone shout, "Look out, you are going to hit a woman," and he stopped immediately.

■ At the close of all the evidence the defendant moved for a directed verdict on the ground that the defendant was not guilty of negligence as a matter of law, and excepted to its denial. P. L. 5110, sub-div. XI, provides, "A person shall not turn or back a vehicle ·of any kind in a public highway without taking due and reasonable care to avoid injury to other users of the highway in so doing." Under this statute it was the duty of the defendant to make such use of his eyes and ears before and while backing as a careful and prudent man would make in like circumstances; and, since the backing of any vehicle entails more or less limitation of the view by the driver of the area to be traversed, it requires corresponding vigilance on his part to avoid causing injury to persons who are known to be or likely to be there. *Callahan* v. *Disorda,* 111 Vt 331, 337, 338, 16A2d 179; *Eisler* v. *Wilder,* 108 Vt 37, 41, 182A 204; *Lee* v. *Donnelly,* 95 Vt 121, 125, 113A 542; *Eaton* v. *S. S. Pierce Co.,* 288 Mass 323, 192 NE 831. It was also his duty to take any other precautions that a prudent man would take under like circumstances. If, in the exercise of ordinary prudence, a signal to pedestrians was necessary to warn them that he was about to back up, there was an obligation to give it. *Healy, Admr.* v. *Moore,* 108 Vt 324, 338, 187A 679.

This accident happened at a busy intersection where pedestrians were likely to be using the cross-walk. Before backing his car the defendant did not look out of the right side toward his rear and the area traversed by the plaintiff in approaching and stepping off the curb, and he gave no signal to warn her. Clearly it cannot be ruled as a matter of law that the defendant was not negligent in these respects, and that such negligence was not the proximate cause of the accident.

The defendant also moved to set aside the verdict on the ground that it was against the weight of the evidence and on the ground stated in his motion for a directed verdict, and excepted to its denial. On the first ground the motion was addressed to the discretion of the lower court. There was substantial evidence to support the verdict, and therefore error is not made to appear. *Swanton Savings Bank* v. *Tremblay,* 113 Vt 530, 536, 37A2d 381. The second ground has already been discussed. Both motions were properly denied.

The defendant has briefed the matter of contributory negligence, but as no appropriate exception was saved it is not for consideration.

Defendant's exception to the granting of a close jail certificate is unavailing for the reasons stated in *Healy, Admr.* v. *Moore,* 108 Vt 324, 351, 187A 679.

*Judgment affirmed.*