# Francis J. Roberts v. Henry Gray .

[122 A2d 855]

January Term, 1956.

Present: **Jeffords, C. J., Cleary, Adams and Hulburd, JJ. and Holden, Supr. J.**

Opinion Filed May 1, 1956.

*Finn & Davis* for the defendant.

*C. O. Granai* for the plaintiff.

**Jeffords, C. J.**   This is an action of tort arising out of an automobile accident.   There was a verdict and judgment for the plaintiff and the case is here on exceptions of the defendant.

The one which we first will consider is to the refusal of the trial court to grant his motion for a directed verdict. This motion was based on three grounds which were [1] that the defendant was not guilty of negligence which was a part of the proximate cause of the accident, [2] that the plaintiff was guilty of contributory negligence as a matter of law and [3] that the plaintiff is barred from recovery under the doctrine of assumption of risk.

There was a sharp dispute in the testimony as to several material facts, but from the evidence taken in the light most favorable to the plaintiff, as it must be in determining whether error was committed in not granting the motion on any of the three grounds, the jury reasonably could have found the following material facts: The accident happened in a parking lot adjacent to a dance pavilion in the town of Barre shortly after the end of the dance. There were a large number of cars parked in the lot, 60 or more. Most if not all of them were parked in rows. The defendant's car, a panel truck, was parked in the front row facing the highway. There were several rows of cars behind his. There was only one exit from the lot and that was from its front. There was a space of about ten feet between the rows of cars.

Shortly before the end of the dance the plaintiff had cramps in his stomach and left the dance hall. These cramps were brought on by dysentery which he had suffered for some time. He went into a lane between the cars and stood three or four feet behind the defendant's car in a stooping position with his head about four feet from the ground, as he thought he "might throw up." As he stood there he was concerned about how the cars were parked and his stomach.

While he was standing there, and for a few minutes before, people were leaving the dance hall and there was quite a bit of activity in the parking lot. Cars were starting and were leaving from the "top" of the lot and going to the main entrance. None of these cars backed up before leaving and the plaintiff did not expect that any would back into the lane where he was standing. There was no car in front of the defendant's.

The plaintiff had been standing in the lane behind the defendant's car about a minute when the defendant backed his car and hit and injured the plaintiff. The plaintiff did not hear the motor in defendant's car start and he received no warning that the car was going to back.

The ground in the parking lot was quite rough. There were lights on in certain parts of the pavilion but it was rather dark in the parking area. The plaintiff had drunk from two to four bottles of beer during the time he was at the dance but showed no signs of being intoxicated. The defendant had drunk some intoxicating liquor during the intermission of the dance. When he came from the pavilion to leave and got to his car he looked but did not see anything behind it. He got into his car, turned on the lights and started to back and while backing he looked out the side window and the back window and saw nothing. The bottom of his rear-view mirror was about five feet from the ground.

■ The grounds of the motion will be considered in the order that they are above set forth. The case was tried on the theory, acquiesced in by the court and counsel, that the parking lot, so far as the case was concerned, was to be treated as a public highway. The theory thus adopted whether right or wrong became the law of the trial. *Perkins* v. *Vt. Hydro-Electric Co.*, 106 Vt 367, 417, 418, 177 A 631.

■ V. S. 47, § 10,219 [XI] provides, "A person shall not turn or back a vehicle of any kind in a public highway without taking due and reasonable care to avoid injury to other users of the highway in so doing." Under this statute it was the duty of the defendant to make such use of his eyes and ears before and while backing as a careful and prudent man would make in like circumstances; and, since the backing of any vehicle entails more or less limitation of the view by the driver of the area to be traversed, it requires corresponding vigilance on his part to avoid causing injury to persons who are known to be or likely to be there. It was also his duty to take any other precautions that a prudent man would take under like circumstances. If, in the exercise of ordinary prudence, a signal was necessary to warn them that he was about to back

up, there was an obligation to give it. *Mc Kale* v. *Weeks*, 115 Vt 155, 156, 55 A2d 199, and cases cited. The jury well could have found that a prudent person would have signaled that he was about to back his car by the sounding of its horn and that the defendant in failing so to do was negligent. They also would have been warranted in finding either that the defendant did not look behind his car as he claimed, or if he did, that he did not look as effectively as a prudent person in like circumstances would have done and for this reason he was negligent.

■ It is not negligence to fail to take precautionary measures to prevent accidents or injuries resulting from a peculiar, unusual, and unexpected occurrence which could not have been reasonably anticipated. 65 CJS 592. For cases with holdings to the same effect see *Botticelli* v. *Winters*, 125 Conn 537, 7 A2d 443, 445, and *Prue* v. *Goodrich Oil Co.*, 49 RI 120, 140 A 665.

From the evidence tending to show that the defendant's car was in the front row of the parked cars with no car in front of it; that all of the cars which were leaving were going out through the only exit from the lot which was at its front and none of these backed before leaving, the jury well could have found that the backing of defendant's car was an unusual and unexpected occurrence which the plaintiff could not be charged with a reasonable anticipation of happening. For this reason it cannot be held as a matter of law that the plaintiff was guilty of contributory negligence.

■ The doctrine of assumption of risk is founded upon the maxim *volenti non fit injuria* and implies that the person against whom it is invoked voluntarily, that is, by the exercise of free will and intelligent choice, has put himself in the way of a danger which he knew and comprehended, or was so obvious that he must be taken to have known and comprehended it. *Watterlund* v. *Billings*, 112 Vt 256, 261, 23 A2d 540, and cases cited. From the evidence just above set forth it is apparent that it cannot here be said, as a matter of law, that the risk was assumed by the plaintiff, within the rule above set forth. There was no error in the denial of the motion for a verdict on this or either of the other two grounds.

■ The defendant made a binding request for an instruction to the jury of non-liability because of the doctrine of assumption of risk and also excepted to the court's failure to so charge. There is no need to recite the request or the wording of the exception to the failure to charge. Both omitted evidence favorable to the plaintiff on this phase of the case which we have referred to in our discussion of this ground of the motion for a directed verdict. For this reason no error has been made to appear in the court's refusal to grant the request or in its failure to charge.

The defendant requested the court to charge that "If the jury finds that the plaintiff was lying behind the vehicle operated by the defendant when he was injured, he assumed the risk of any damage or injury occasioned to him." This request was not granted and an exception was allowed to the failure to so charge.

It is apparent that this request was based on the theory of the defendant, as his evidence tended to show, that the plaintiff, when he was struck by the defendant's car, was lying on the ground in an intoxicated condition and had indeed "passed out." This is shown by a discussion appearing in the transcript between the court and counsel for the defendant in respect to the submission to the jury of the doctrine of assumption of risk. The court took the position that if the defendant's theory was correct the doctrine would not apply. The main reason for the court's holding was that being in such an intoxicated condition the plaintiff could not have made the intelligent choice required to come in under the doctrine.

■ No cases were shown to the trial court nor have any been presented to us holding that the court was in error in refusing to grant this request. The main argument advanced below and here is to the effect that the doctrine was in the case and for this reason the requested charge should have been given. None of the cases cited in the defendant's brief in support of this claim of error touch on the reason for the lower court's holding. As this Court does not search for grounds on which to reverse for claimed error made below, points are not sufficiently presented to require attention unless counsel undertake in their brief to aid in discovering the claimed

error. *Dent* v. *Bellows Falls & S. R. St. Ry. Co.*, 95 Vt 523, 534, 116 A 83; *Johnson* v. *Moore*, 109 Vt 282, 288, 196 A 246. No error has been made to appear for the court's refusal to grant this request.

Another request to charge was as follows: "If the jury finds that the plaintiff was lying behind the truck being operated by the defendant, and that his being there was caused by his intoxication, such intoxication would not excuse him from exercising the care and prudence that a reasonable man would have exercised under the circumstances."

■ The court charged, in substance, this request. The charge on the subject matter of the request was, if anything, more favorable to the defendant than the requested instruction. For this reason there was no error in not giving the request in its exact wording. *Hyde* v. *Swanton*, 72 Vt 242, 244, 47 A 790.

The defendant took the following exception to the failure of the court to charge the jury on the doctrine of assumption of risk: "The defendant excepts to the court's failure to charge in any part of his charge the law applicable to the doctrine of assumption of risk because the defendant says on the evidence in this case and on the law of the case, particularly as called to the court's attention at some time during the close of the plaintiff's case, the plaintiff's counsel offered and was allowed to introduce evidence on the assumption of risk doctrine and he referred to it, to the doctrine by name. This being the law in the case, and other evidence in the case, compel the court to instruct this jury with proper instructions with respect to the assumption of risk doctrine."

There was evidence which required the court to submit to the jury the question of whether the plaintiff was barred from recovery under the doctrine. The evidence to which we refer tended to show that when the plaintiff came out of the dance hall and took his position in back of the defendant's car he was in full possession of his faculties; that there was a car parked in front of the defendant's which made it impossible for him to drive forward and out through the front exit; that the person in the parked car was requested to move it but did not do so, whereupon the defendant backed his car into the lane

behind it and struck the plaintiff; also the activity in the parking lot prior to and at the time of the accident. This and possibly other evidence, if believed by the jury, would have warranted a finding that the plaintiff was barred from recovery under the doctrine of assumption of risk as hereinbefore defined.

In this summation of the evidence we have omitted, as the lower court should have in pointing out to the jury, the evidence which would warrant such a finding, that which tended to show the intoxication of the plaintiff and its state at the time of and prior to the happening of the accident. As we have seen, the court's refusal to grant a request based on this evidence was because it did not believe that a person so intoxicated, as the defendant's evidence tended to show, could have been capable of making the intelligent choice required to have the doctrine apply. As we have pointed out, no cases were shown to the trial court nor to us holding that the court's reason for not granting that request was erroneous. It seems to us that the court's reasoning was correct. No citation of cases should be necessary to show that a person so intoxicated would not be capable of intelligently choosing to put himself in a place he knew to be dangerous or that he must not be taken to have known and comprehended an obvious danger.

Since the plaintiff was entitled to this instruction, the failure to give it was prejudicial error. *Clark* v. *Demars*, 102 Vt 147, 151, 146 A 812. Although there was no request for this instruction, yet it was the duty of the trial court to instruct the jury upon every essential part of the case; and an exception to the failure to charge as to such matters, though not requested, is well taken. *Clark* v. *Demars, supra.*

If there had been evidence of intoxication of the plaintiff which would have warranted the submission to the jury the question of whether he was barred from recovery under the doctrine, an instruction on assumption of risk should have been so stated as to make it plain to the jury that if they found that the plaintiff was under the influence of intoxicating liquor to such an extent as to render him incapable of appreciating the danger he was encountering, then there could be no assumption of risk. On the other hand, they should have been

instructed that if they found that the plaintiff was not affected to that extent, the assumption of risk doctrine would apply and they should then determine whether the plaintiff assumed the risk of doing as he did.

█ There is a distinction between the doctrine of contributory negligence and the doctrine of assumed risk, since there may be the voluntary assumption of the risk of a known danger such as will bar one from recovery for injury to person or property, even though in the exercise of due care. And so a proper charge on contributory negligence will not suffice if the evidence makes a case for the application of the doctrine of assumed risk. *Watterlund* v. *Billings*, 112 Vt 256, 262, 23 A2d 540, and cases cited.

The substance of another exception to the court's failure to charge is based on the claimed argument to the jury by counsel for the plaintiff in respect to the defendant's failure to testify as to certain matters when he was first put on the stand as a witness and cross examined by counsel for the plaintiff. Since the claimed argument of counsel is not pointed out it is impossible to determine whether if made, as claimed, there was error in failing to charge on this matter and whether such error, if made, was prejudicial. No error has been made to appear in the respect here claimed.

The defendant excepted to the court's failure to charge "that the plaintiff had no right to assume that the defendant's truck would go forward. He was charged with knowledge of the defendant's truck being there and he has no right to assume in which direction it was going to proceed at the time he was injured."

The defendant in support of this exception states that the exception was sound because the plaintiff had no right to assume the truck would go forward, for this would relieve the plaintiff of all duties and obligations on his part, and would relieve him from the duty to look, listen and exercise the care of a prudent man under the circumstances.

This exception was, in effect, to the failure of the court to charge that the plaintiff was barred from recovery under the doctrine of assumption of risk. For the reasons previously stated in considering the ground for a directed verdict based

on the doctrine and the binding request and failure to charge nonliability, also so based, no error has been made to appear as to this exception. As previously pointed out, there was evidence in the case which made the doctrine a jury question. Moreover, the court's charge on contributory negligence instructed the jury that the plaintiff as well as the defendant was under the duty to exercise the care and prudence of a careful and prudent man to protect himself.

Another exception was, in substance, to the court's failure to charge the jury that the plaintiff was guilty of contributory negligence as a matter of law. The defendant in his brief states that under this exception practically the same questions are raised as those on his motion for a directed verdict based on this ground. For the reasons stated in our discussion of this ground of the motion no error has been made to appear for the court's failure to so charge.

The defendant excepted to a portion of the charge which dealt with the duties of a person who is backing a motor vehicle. The grounds of the exception are, in substance, that the jury also should have been instructed as to the plaintiff's duty while and before the defendant backed his truck in respect to looking and exercising care and prudence. The defendant says that too much emphasis was placed on the defendant's duties as against those of the plaintiff and that this was not the impartiality required of the court.

An examination of this portion of the charge shows that the court concisely instructed the jury as to the duties of care and prudence required of a person backing a motor vehicle as set forth in our cases. It also appears that the jury were told that the rights of both parties were reciprocal and that each owed to the other the duty of acting as a careful and prudent person would have acted under like circumstances.

Of course it is the duty of a court to conduct a trial with the utmost impartiality. *Morse* v. *Ward*, 102 Vt 433, 436, 150 A 132. In our opinion the court did not unduly stress the duties of the defendant in the respect here claimed with a resulting partiality in favor of the plaintiff.

The defendant took several exceptions to the argument to the jury by counsel for the plaintiff. The first of these which

is briefed was, in substance, to the argument that the plaintiff was struck and knocked down before the lights of the car owned by one Jacques disclosed the plaintiff lying on the ground behind the defendant's car. The trouble with the defendant's claim of error in this respect is that he recites evidence all in his favor which tends to show that the plaintiff was intoxicated and lying on the ground before the truck backed and struck him. The evidence viewed in the light most favorable to the plaintiff was, as we have seen, that he was standing when he was struck by the defendant's truck. Because of this evidence it cannot be said that the argument was improper.

There was an exception to the statement in argument that the defendant was bound to be certain that no one was in the rear of his truck. Counsel for the plaintiff stated that if he had used the word "certain" he retracted it and impliedly admitted that this was not a correct statement of the law.

An exception was also taken to the claimed argument that the plaintiff was entitled to the sympathy of the jury. The plaintiff denies that any such argument was made but impliedly concedes that if it were made it would have been improper, as indeed it would have been. *Duchaine* v. *Ray*, 110 Vt 313, 321, 6 A2d 28; *Davis* v. *Randall*, 85 Vt 70, 73, 81 A 250.

However, since the judgment below must be reversed upon other grounds, and since the questions raised by these two last exceptions are not likely to arise upon a subsequent trial, we express no further opinion with regard to them. *Landry* v. *Hubert*, 100 Vt 268, 280, 137 A 97.

The defendant moved to set aside the verdict. Eight grounds were given in support of this motion. All except one have been heretofore disposed of in our consideration of various exceptions of the defendant. The remaining ground is that the verdict, as to liability, is against the weight of the evidence. This ground was addressed to the discretion of the lower court. There was substantial evidence to support the verdict, and therefore error is not made to appear. *Mc Kale* v. *Weeks*, 115 Vt 155, 157, 55 A2d 199.

*Judgment reversed and cause remanded.*