**Doris N. CALLAGHAN, Appellee,**
v.
**A. LAGUE EXPRESS, Appellant.**
**No. 160, Docket 27083.**

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1961.

Decided Jan. 5, 1962.

Douglas C. Pierson, Burlington, Vt. (Black, Wilson & Hoff, Burlington, Vt., on the brief), for appellant.

Robert Eastman, Burlington, Vt. (Latham & Eastman, Burlington, Vt., on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This action was brought by plaintiff, a citizen of New Hampshire, to recover for personal injuries sustained in a collision between a truck owned by defendant and an automobile in which plaintiff was riding as a passenger. Defendant is a Canadian company. The jury returned a verdict for plaintiff for $6590 and defendant appeals. We reverse the judgment entered on the verdict, and remand the case for a new trial, because of errors in the judge's charge to the jury and because the court permitted plaintiff's counsel to indulge in improper argument to the jury.

The trial of this case took place from Monday, May 15 to Wednesday, May 17, 1961. On the previous Friday, May 12, the judge who presided at the trial gave a "general charge" to those who had been called to act as jurors at the term of court which was to open the following Monday. While the exact words used by the judge in his "general charge" do not appear in the record of this case, their general purport is made sufficiently clear by the following exchange which occurred between counsel for defendant and the court:

"Mr. Pierson:. * * * Your Honor, more particularly in that area, in which the so-called 'Golden Rule' is clearly delineated from the Jury's consideration in Request Number Six, we feel that it was prejudicial error for counsel to include that in his argument. We feel that it is error not at this time to eliminate it from the Jury's consideration and we also object to the inclusion of same 'Golden Rule', what you want to receive, that rule, in the General Charge to the Jury, and last Friday,—

"The Court: You are another fellow that doesn't believe the teachings of the Good Lord that prevail in Vermont, is that correct?

"Mr. Pierson: (No answer.)

"The Court: I just want to make sure that that is your honest belief.

"Mr. Pierson: Well be that as it may, I think,—

"The Court: In other words, counsel refuses to answer the question of the Court?

"Mr. Pierson: I'll answer it this way, The Vermont Supreme Court doesn't feel that that rule should obtain in cases tried in Vermont under the Vermont law."

Further light is thrown on the character of the charge by the following:

"Mr. Pierson: If it please the Court, we object to the argument of counsel that is now being indulged in. We would like you to treat Mrs.

Callaghan as you would like to be treated. The clear line of Vermont cases makes that an impropriety.

"The Court: We'll allow the argument to stand.

"Mr. Pierson: May we note our exceptions?

"The Court: Yes. That, of course, would be in accord with my charge on the elements of damages, that is the rule they must go by."

It is quite apparent from these two passages that the judge charged the jury that they should award a plaintiff such damages as they would wish a jury to award them if they were in the position of the plaintiff. Defendant's objection to the charge was sufficiently definite to permit reliance on the error if the charge was erroneous.

That the charge was erroneous is established by Duchaine v. Ray, 110 Vt. 313, 6 A.2d 28 (1939). In that case objection was taken to the argument of plaintiff's counsel: "put yourself in the place of this plaintiff, and assess damages on that theory." This, the court said, was a "lamentable departure from the rule which required counsel to confine his argument to the evidence in the case * * and to avoid appealing to the prejudice of the jury." The trial court should have "reprimanded" counsel and required him "to withdraw the remark," and should have cautioned the jury to disregard it.

■ In the Duchaine case, the court, examining the evidence to support a recovery of $2250, came to the conclusion that the improper remark of counsel had not in fact prejudiced the jury. But the case is ample support for the proposition that where the objectionable standard is included, not in the argument of counsel, but in the judge's charge itself, the charge is clearly erroneous. And in the present case we cannot say that the charge was not prejudicial. (See also

Drown v. New England Telephone & Telegraph Co., 81 Vt. 358, 70 A. 599 (1908); Roberts v. Gray, 119 Vt. 153, 122 A.2d 855 (1956).)

In the present case the error was, of course, compounded by the fact that the judge's erroneous charge was reinforced by the improper argument of counsel to the same effect. In fact the second of the exchanges quoted above appears to have taken place in the hearing of the jury, so that the jury, having been instructed in the general charge to use the "subjective" standard for measuring damages, was not only urged by counsel "to treat Mrs. Callaghan as you would like to be treated," but was also told by the court that the argument of plaintiff's counsel was unexceptionable, that it was "in accord with my charge on the element of damages" that it was "the rule they must go by."

■ The trial court also committed error in charging the jury that "this is the only opportunity for the plaintiff to have a jury decide her damages." The defendant had relied as an important part of its defense on testimony intended to establish that the accident was caused by the negligence of the driver of the automobile in which plaintiff was a passenger. The charge that this was plaintiff's only opportunity to recover told the jury, in effect, that there was no ground for any action against the driver of the car.

Since there must be a new trial on the ground of the errors already examined, it is not necessary to pass upon the defendant's other claims. However, it may be helpful for purposes of the new trial for us to state that upon the present record we perceive no error in rulings on the admissibility of evidence, or in submitting the issue of future damages to the jury.

Reversed and remanded for a new trial.