[S. F. No. 3104.   Department One.—November 28, 1904.]

# LLOYD C. HARLOW et al., Respondents, v. STANDARD IMPROVEMENT COMPANY, Appellant.

ACTION BY HUSBAND AND WIFE—INJURY TO BUILDING—JOINT OWNER-
SHIP—EVIDENCE—MOTION FOR NONSUIT.—In an action by a husband
and wife to recover damages for an injury to their building, where
issue was joined upon an allegation that they were the owners and
possessed of the building and lot upon which it stood, and there
was no evidence as to the record title of the property, testimony that
the house was built by them, and that they had occupied it for
about ten years, was sufficient evidence of joint ownership to justify
the court in overruling a motion for nonsuit for failure to prove it.

ID.—TENANCY IN COMMON.—Under section 384 of the Code of Civil
Procedure, the plaintiffs, as cotenants, or tenants in common, are
entitled to maintain the action.

ID.—NATURE OF TITLE—CONSTRUCTION OF CODE—ABSENCE OF PRESUMP-
TION.—Under section 161 of the Civil Code, the husband and wife
may hold property as joint tenants, tenants in common, or as com-
munity property; and in the absence of any evidence as to the
source of the moneys with which the house was built, or of the
manner in which the property was acquired, there is no presumption
that it was community property or the separate property of either
spouse, rather than that it was held by them in joint tenancy, or
tenancy in common.

ID.—INJURY THROUGH NEGLIGENCE—CARELESS USE OF STEAM-ROLLER—
MAXIM.—Where it appeared that the injury occurred by the use
of a steam-roller by the defendant in street-work, which was care-
lessly allowed to run against the building of plaintiffs and to injure
it and the fences, sidewalk, shrubbery, and lawns surrounding it,
the manner in which the injury was caused sufficiently sustains
the finding of the jury that it was through the negligence of the
defendant.   The case is one in which the maxim *Res ipsa loquitur* is
peculiarly applicable.

ID.—OFFER OF DEFENDANT TO REPAIR INJURY—PLEADING—INADMISSIBLE
EVIDENCE.—The offer on the part of defendant to show that forty-
eight hours after the injury it offered to put the building back in
as good condition as it was before or to defray the expense thereof
was properly refused, where there was no issue presented by the
answer that the cost would have been less to the defendant if the
repairs were made by it rather than by the plaintiffs or their
employees, and there was no showing to that effect.

ID.—INAPPLICABLE RULE.—The rule which obtains in actions for dam-
ages for breach of contract, that it is the duty of the injured,
if within his power to protect himself against any increase of dam-

age that may accrue after the breach, has no application where the damage to the premises of the plaintiffs through the negligence of the defendant is complete at the time of the injury.

Id.—Instructions — Prompt Repairs — Change of Residence after Suit.—Where the jury were instructed that if plaintiffs could have prevented any loss by prompt repairs they were bound to do so, and that they could only recover for actual damage suffered by them prior to the commencement of the action, it is not to be presumed that the jury included in their verdict any damage by reason of delay in repairing the house, or any expense incurred by removal from the house after the action was commenced.

Id.—Extent of Damages—Support of Verdict.—Where there was evidence tending to show that the amount of damages was greater than that awarded by the jury, and it was apparent that the permanent injury to the building, by displacing it from its foundations, breaking its chimneys, and destroying its plastering, is a greater damage than the mere cost of patching it up so as to make it serviceable, the verdict as to the amount of damages was sufficiently supported, notwithstanding evidence for the defendant that a portion of the damage could be repaired for less than the amount of the verdict.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. S. P. Hall, Judge.

The facts are stated in the opinion.

D. H. Whittemore, for Appellant.

The verdict was excessive under the evidence as to the cost of repairs. (*Sloan* v. *Southern California Ry. Co.*, 111 Cal. 668.) Testimony to show that if the plaintiffs had accepted defendant's offer the plaintiffs would not have suffered so much damage was proper. (*Parsons* v. *Sutton*, 66 N. Y. 92; *Beymer* v. *McBride*, 37 Iowa, 114; *Dent* v. *Dunn*, 3 Camp. 296.) The evidence failed to prove a joint ownership, and the motion for a nonsuit should have been granted. (*McCord* v. *Seale*, 56 Cal. 262; *Weinreich* v. *Johnston*, 78 Cal. 254; *Mott* v. *Smith*, 16 Cal. 557; *Barrett* v. *Tewksbury*, 18 Cal. 334.) There was no proof of negligence. (*Rowe* v. *Such*, 134 Cal. 573.)

Chapman & Clift, and W. H. O'Brien, for Respondents.

The verdict for damages was not excessive as matter of law, and must be sustained under the evidence. (*Aldrich*

*v. Palmer,* 24 Cal. 513; *Boyce* v. *California Stage Co.,* 25 Cal.
460; *Wheaton* v. *North Beach etc. R. R. Co.,* 36 Cal. 590;
*Lee* v. *Southern Pacific R. R. Co.,* 101 Cal. 118; *Howland* v.
*Oakland St. Ry. Co.,* 110 Cal. 513; *Tedford* v. *Los Angeles
etc. Co.,* 134 Cal. 76; *Mize* v. *Hearst,* 130 Cal. 630; *Russell*
v. *Dennison,* 45 Cal. 337.)    The refusal of the nonsuit was
correct.    (*Mott* v. *Smith,* 16 Cal. 557; *Ferris* v. *Baker,* 127
Cal. 522.)    Negligence was presumed from the nature of the
injury.    (*Judson* v. *Giant Powder Co.,* 107 Cal. 549.[1])

HARRISON, C.—The plaintiffs seek by this action to re-
cover from the defendant damages sustained by them through
its negligence.    It is alleged in the complaint that on August
13, 1900, the defendant was engaged in doing certain street-
work on Kennedy Street, in the city of Oakland, in front of
the residence of the plaintiffs, making use therefor of a
steam-roller, and that while so engaged the roller, by reason
of the negligence and carelessness of the persons managing
the same, ran against the building of the plaintiffs and in-
jured it, and the fences, sidewalk, shrubbery, and lawns sur-
rounding it, to their damage in the sum of two thousand
dollars.    The cause was tried by a jury and a verdict rendered
in favor of the plaintiffs for one thousand dollars.    From the
judgment entered thereon and from an order denying a new
trial the defendant has appealed.

At the close of the plaintiffs' case the defendant moved
for a nonsuit upon the ground that they had failed to es-
tablish a joint ownership of the premises.    The motion was
denied, and this ruling is now assigned by the appellant as
error.

It is alleged in the complaint that at the time of the occur-
rence the plaintiffs were, and still are, husband and wife, and
the owners of and possessed of the building and lot upon
which it stood, and this allegation was denied in the answer.
There was no evidence as to the record title of the property,
or that it had ever been conveyed to the plaintiffs, or either
of them, but there was testimony that the house was built by
them, and that they had occupied it for about ten years.    The
testimony of Mrs. Harlow that she and her husband had the
house built was sufficient evidence of their joint ownership to

[1] 48 Am. St. Rep. 146.

justify the ruling of the court.  Under section 161 of the Civil
Code the husband and wife may hold property as joint ten-
ants, tenants in common, or as community property; and in
the absence of any evidence of the source of the moneys with
which the house was built, or of the manner in which the prop-
erty was acquired, there is no presumption that it was com-
munity property, or the separate property of either spouse,
rather than that it was held by them in joint tenancy, or as
tenants in common.  (See *Wagoner* v. *Silva,* 139 Cal. 559.)
Under section 384 of the Code of Civil Procedure, plaintiffs,
as cotenants or tenants in common, are entitled to maintain
the action.

The manner in which it appeared that the injury was
caused sufficiently sustains the finding of the jury that it
was through the negligence of the defendant.  (*Judson* v.
*Giant Powder Co.,* 107 Cal. 549.[1])  The case is one in which
the maxim *Res ipsa loquitur* is peculiarly applicable.

The offer on the part of the defendant to show that forty-
eight hours after the injury it offered to put the building
back in as good condition as it was before, or to defray the
expense thereof, was properly refused.  The only issues pre-
sented for trial by its answer were the plaintiffs' ownership
of the property, the negligence of the defendant in causing
the injury, and the amount of damage done to the property.
The trial was chiefly occupied with the latter issue, upon
which a large amount of testimony was given by each of the
parties to the action, and the amount of the damage was deter-
mined by the verdict of the jury.  The amount of the damage
sustained by the property was the same, irrespective of the
person by whom the repairs should be made, and there is no
averment in the answer, nor did the defendant offer to show
at the trial, nor does it now claim, that the repairs could have
been made by it at any less cost than if made by the plaintiffs,
or by whomscever they might employ.  The rule which ob-
tains in an action for damages arising out of the breach of a
contract that it is the duty of the injured party, if within his
power, to protect himself against any increase of damage that
may accrue after the breach, has no application under the
facts of the present case.  Here the damage was complete at
the time of the injury, and before the offer of defendant, and

---

[1] 48 Am. St. Rep. 146.

in the absence of any showing to the contrary the cost of the repairs would be the same whether made by the defendant or the plaintiffs. If for any reason the cost would have been less to the defendant, that was a matter for special defense which should have been pleaded as well as made known to the plaintiffs at the time of the offer. The jury were, moreover, instructed that if it was shown that the plaintiffs could have prevented any part of the loss by prompt repairs they were bound to do so.

The injury to the house was committed August 13th. Mrs. Harlow testified that they did not remove from the house until September 21st. The present action was commenced September 20th, and the court instructed the jury that the plaintiffs could only recover the actual damage suffered by them prior to the time that the action was commenced. This was, in effect, an instruction that they were not entitled to recover for any damage sustained by reason of being compelled to seek a new residence. Under these instructions it is not to be assumed that the jury included in their verdict any damage sustained by reason of any delay in repairing the house.

It cannot be held that the verdict was excessive, or unsustained by the evidence. It was shown that the cement walk had been broken up, the fence in front of the house demolished, the lawn and shrubbery destroyed, the house itself struck by the roller with such force that it was displaced from its position upon its foundations and permanently injured. Testimony was given by several experts that the amount of damage was greater than that awarded by the jury, and although it was shown on the part of the defendant that a portion of this damage could be repaired for less than the amount of the verdict, the jury were at liberty to consider—what is apparent to any one—that the permanent injury to the building, by displacing it from its foundations, breaking its chimneys, and destroying the plastering, is a greater damage than the mere cost of patching it up so as to make it serviceable.

The judgment and order denying a new trial should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

Van Dyke, J., Angellotti, J., Shaw, J.