[Civ. No. 8889. Second Appellate District, Division One.—May 20, 1935.]

DAVID THOMAS PRICE, a Minor, etc., Respondent, v. P. A. McDONALD et al., Appellants.

W. I. Gilbert for Appellants.

J. Marion Wright for Respondent.

SHINN, J., *pro tem.*—In this action by his guardian *ad litem*, plaintiff recovered judgment against defendants P. A. McDonald and Mrs. Everett Mulconery in the sum of $2,000

for injuries received when an automobile coasted out of a driveway in the nighttime, crossed a public street, and crashed through the wall of a dwelling house where plaintiff was sleeping.

The complaint alleged negligence on the part of the defendants in that they negligently parked said automobile in their yard "and so negligently maintained said automobile and cared for same and so negligently controlled same" that the automobile backed from the yard, struck the house where plaintiff was sleeping and caused his injuries.

On this appeal, appellants seek a reversal because the court applied to the facts of the case the doctrine of *res ipsa loquitur* and instructed the jury thereon, and they contend the doctrine does not apply. They · invoke the rule that where specific acts of negligence are charged plaintiff must rely thereon, and not upon the *res ipsa loquitur* doctrine. At the close of plaintiff's case, the court allowed an amendment of the complaint by striking out the allegation of negligence in the parking of the car. No evidence was offered by plaintiff as to the manner in which the car was parked. The amendment was properly allowed although we think it was unnecessary. The allegation of negligence in maintaining, caring for and controlling the automobile charged negligence in general terms and the complaint was unobjectionable as the basis for the application of the doctrine of *res ipsa loquitur*. (*Chauvin* v. *Krupin,* 4 Cal. App. (2d) 322 [40 Pac. (2d) 904].)

It is also contended that the doctrine was improperly applied because two defendants were charged and negligence can only be presumed where one person is in the exclusive control of the instrumentality. No cases are cited so holding and we are not aware of any such rule. It is true, of course, as was said in *Harrison* v. *Sutter St. R. Co.,* 134 Cal. 549 [66 Pac. 787, 55 L. R. A. 608], that where there are two instrumentalities in charge of separate defendants, either one of which may have been responsible for the accident, there is no presumption that both defendants were negligent, that fact being one to be determined by the jury. It is also true that where the one charged is in control of the instrumentality only a part of the time and the accident may have happened while he was not in control, he will not be presumed to have been negligent. But we have a case here

where the defendants were jointly charged with negligence in the management and control of the one instrumentality which caused the injury, and the implied finding of the jury was that both were guilty of negligence. This finding is supported by the evidence. Defendant McDonald was the owner of the car. Mrs. Mulconery is his daughter. She lived with him and was allowed to use the car whenever she chose. She brought the car home about 4 o'clock P. M. on the day of the accident and parked it on a supposedly level spot at the upper end of the driveway. Some six hours later it coasted down the drive and struck plaintiff. McDonald testified that he had charge of the car in the nighttime. We cannot say that the jury was obliged to find that the car was exclusively under the control of either of the defendants or that it was less under the control of one than of the other. The control was in both of them and there is no basis upon which their responsibility could be divided. In such a case the doctrine of *res ipsa loquitur* applies to the conduct of both of the defendants or to neither of them. Had they been able to offer a satisfactory explanation as to the cause of the accident, either one or the other or both of them might have been absolved from liability, but the duty of explanation was upon them and not upon the plaintiff. They did not undertake to explain how the car came to be set in motion and it does not appear that either of them used the car after 4 o'clock in the afternoon. The accident did not happen until about six hours later. Under these circumstances, either both of the defendants will be presumed to have been negligent or the presumption will not be applied to either of them. Unquestionably where the responsibility was equal they will both be presumed to have been negligent.

█ The period of time that elapsed between the parking of the car and its descent down the driveway is relied upon by appellants as establishing their want of negligence in the parking of the car.

Appellants rely upon the case of *Joseph* v. *Schwartz*, 128 Wash. 634 [224 Pac. 5], in which it was held that no negligence was shown by the fact that an automobile coasted down hill some six hours after the owner parked it on the street. The allegation of negligence in that case was that "the defendant so carelessly parked the car on the sloping street and so negligently secured it that the automobile by

reason of the negligent parking and securing, started down the street and ran upon and damaged the plaintiff's property''.  The owner was called to the stand by plaintiff and testified that he parked the car securely at 6:30 or 7 P. M., observed it where he left it at 12 or 1 o'clock, when he went to bed.  Of this situation the court said: ''Can we say that when an automobile parked on an incline sufficient to start it in motion as soon as the brakes are released, having so stood for at least five or six hours, thereafter is shown to have moved, that its moving may be by the jury presumed, in the absence of explanation, to be the result of negligence *in securing it in the first instance?''*  In holding that the doctrine of *res ipsa loquitur* was not applicable to such facts the court evidently considered only the single act of negligence pleaded, the negligent parking and securing of the car in the first instance.  The complaint in the present case is much broader, as we have seen, alleging negligence in general terms.  We are of the opinion that under such allegations a presumption of negligence arises when an unattended automobile coasts down a hill and that upon proof of these facts, it becomes incumbent upon the person having control to explain the cause of the car's movement.  Defendants in the case at bar did not relieve themselves from liability by mere proof that they safely parked the car.  Their testimony to that effect enables them to argue with plausibility that someone else must have interfered with the car, but that argument was one for the jury and does not constitute a sufficient defense in the absence of all evidence that such was the fact.  We are of the opinion that the case made by plaintiff satisfactorily establishes all of the elements necessary to bring into operation the doctrine of *res ipsa loquitur*.  If the doctrine is applied then admittedly the plaintiff must prevail because the cause of the accident remains unexplained.

▮ Appellants criticise a number of the instructions given to the jury at the request of respondent but we think the criticisms are without substantial merit.  The instructions in some particulars were not carefully drawn.  They were correct, however, as to the general issue of negligence and properly stated the *res ipsa loquitur* doctrine.  They were so drawn as to allow the jury to find either or both of the appellants guilty of negligence and to return a verdict

against either or both. ▮ Appellants take the position that the only liability of McDonald would be that of an owner of the car, under section 1714¼ of the Civil Code, and that under the evidence no question of his negligence is involved. For the reasons we have stated we cannot agree with this view. There was evidence from which the jury could properly infer that McDonald had equal control of the car with Mrs. Mulconery and such being the case the instructions stated the law with sufficient clearness and accuracy.

▮ Appellants complain of the refusal of the court to give an instruction requested by them. The instruction was requested after the taking of evidence was completed, did not relate to matters of law not disclosed by the pleadings, and appears to have been refused for this reason. (Sec. 607a, Code Civ. Proc.) Nevertheless, we have read the instruction and are satisfied that it was properly refused. It was somewhat ambiguous and added nothing to the instructions already given.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.