[Civ. No. 13684. First Dist., Div. One. June 16, 1948.]

LEO J. CADOTTE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Arthur L. Johnson for Petitioner.

T. Groezinger, Robert Ball and Edward C. Neeley for Respondents.

BRAY, J.—Petition to review and annul two orders of the Industrial Accident Commission, the first of which denied petitioner any award of compensation for permanent disability, and the second of which denied him any additional compensation based upon his claim that his injury had been caused by the serious and wilful misconduct of the employer.

Having in mind the rule that this court is not permitted to interfere with findings which are based upon conflicting evidence or conflicting inferences which may be fairly deduced therefrom, and that the sole duty of this court is to determine whether there is substantial evidence, including permissible inferences, to support the findings of the commission (*California Shipbuilding Corp.* v. *Industrial Acc. Com.*, 27 Cal.2d 536 [165 P.2d 669]), petitioner contends, first, that the commission acted without or in excess of its powers, and secondly, that the order, decision, or award was unreasonable.

*The Commission Did Not Act In Excess Of Its Powers.*

Petitioner was employed as a truck driver by respondent Valley Express Company, for whom respondent State Compensation Insurance Fund was the compensation insurance carrier. On July 16, 1946, petitioner and three fellow employees were moving 15 grader blades on a 6-wheel dolly along a temporary, makeshift loading platform or dock. The blades were large and weighed about 2,800 pounds. It is unnecessary to go into the details of the accident. Suffice it to say that there was substantial evidence which would support a finding that the accident was due to the unsafe condition of the platform, and there was also substantial evidence which would support the finding that the load tilted due to "barring," causing the load to "slither" off, carrying petitioner with it to the ground. This was the finding of the commission, and under the rule above mentioned we are bound by that finding.

The evidence of the witness Scott that petitioner was "barring" the load at the time of the accident, coupled with that of the witness Trenholm that the flooring was in position after the accident and that of the witness Frasher that it was unsafe to "bar" a load as heavy as this one, was substantial support for the commission's finding, even though petitioner explained that he was using the bar under the dolly, but not under the blades. There was no testimony other than this as to how the accident happened, except that of the petitioner who at first stated that the dolly "must" have struck a pebble and then later stated that there "must" have been a soft

spot in the platform. "The findings themselves are not subject to review except insofar as they may have been made without any evidence whatsoever in their support." (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699, 706 [28 P.2d 919].)

The exact cause of the accident becomes important only on the question of wilful and serious misconduct hereafter discussed, as the liability of the respondents for the injuries to petitioner was admitted, the commission made an award for temporary disability, and the carrier supplied petitioner with medical services.

While there may have been sufficient evidence of the unsafe and dangerous condition of the platform (the foreman testified that it was in that condition) to support a finding of serious and wilful misconduct, had the commission so found, the commission's finding that the accident was not caused by the condition of the platform, based as it is on substantial evidence, eliminates any consideration by this court of wilful misconduct. ". . . the questions of the weight of the evidence and the credibility of the witnesses are for the commission and if there is any evidence or reasonable inference which will support the commission's finding, the reviewing court has no power to disturb it." (*Nielsen* v. *Industrial Acc. Com.*, 220 Cal. 118, 122 [29 P.2d 852, 30 P.2d 995].)

Petitioner contends that the doctrine of res ipsa loquitur applies to this issue. However, he cites no cases, and we have been unable to find any, supporting such a novel contention. He is apparently confusing wilful misconduct with ordinary negligence, in which case res ipsa loquitur may apply. "It is not enough to prove negligence or even gross negligence on the part of the employer in order to fasten the added liability [of wilful misconduct] on it. In addition there must be a wilful disregard of consequences with injury to the employee as a probable result." (*Central Cal. Ice Co.* v. *Industrial Acc. Com.*, 66 Cal.App.2d 339, 346 [152 P.2d 33].)

In his petition for rehearing petitioner stated that he had discovered four additional witnesses who would testify as to the "positively unsafe condition" of the platform. This evidence would have been merely cumulative of a condition which the foreman admitted, but which the commission found was not a proximate cause of the accident.

Petitioner contends that he was deprived of due process of law because the commission refused to weigh or consider his own testimony as to pain and disability, and, in fact, completely disregarded it. There is nothing in the record to sup-

port this contention. He sustained several injuries, the most serious of which was to his left foot and ankle. After medical treatment he returned to work. Shortly thereafter he filed an application for further disability. Additional treatment was given and an operation had on his foot. The main injury he received which he now claims is permanent, in addition to a weak and painful ankle, is the injury to the sole of his foot. He claims to have a "ridge" on the bottom of his foot, running lengthwise in front of the instep where his foot hits the clutch pedal of a truck or automobile, bothering him in his work, causing pain when walking, and which will cause him pain the rest of his life. Dr. Mullen, the respondents' physician who took care of petitioner and who operated for two blood clots on the bottom on his foot, stated that the scar on the bottom of petitioner's foot "is firm, smooth, not elevated, and is painless. There is no longer any evidence of any induration [hardness]. He wears his shoe without difficulty and bears weight in a similar fashion." He further stated that petitioner was free from any disability resulting from the accident. Dr. Staub stated that "Recovery was complete with no residuals remaining."

The commission had before it the testimony of petitioner, on the one hand, that there was a "ridge" which was painful, and would continue so, constituting permanent disability, and on the other hand, the testimony of a medical witness that there was no hardness in the scar and that it was not painful, and that of two medical witnesses that there was no permanent disability due to the scar. We cannot say as a matter of law that the commission must accept the testimony of petitioner as to pain and disability as against that of a medical man, or vice versa. The testimony of each must be considered by the commission and the conflict must be resolved by it. When that is done, this court may not interfere.

However, petitioner contends that the commission refused to consider at all the testimony of the petitioner on this subject, considering it a subject to be discussed only by medical men. Were this true, the commission would have acted improperly. (*County of Los Angeles* v. *Industrial Acc. Com.,* 14 Cal.App.2d 134, 137 [57 P.2d 1341] ; *Employers' etc. Corp.* v. *Industrial Acc. Com.,* 42 Cal.App.2d 669 [109 P.2d 716].) But there is nothing in the record supporting this claim. The basis for the contention lies in a phrase in the "Report of Referee on 'Order Denying Applicant's Petition for Rehearing.'" Incidentally, this report is by a different referee than the one

upon whose report the commission based its findings and award. In recommending to the commission that the petition for rehearing be denied, and in commenting on the contention made by petitioner therein, that the evidence does not justify the finding that the injury caused no permanent disability, the report states: "Apparently, according to applicant's argument, medical evidence, which he did not seek to contradict by like evidence, should be disregarded in favor of the unsupported self-serving testimony of the applicant as to purely subjective symptoms." Petitioner contends that this is a statement that the commission in its earlier action refused to consider the testimony of petitioner on the theory that only that of medical men would be regarded. It is obvious that the phrase does not bear the construction given it. The second referee is merely pointing out that petitioner's contention is that a petitioner's testimony as to subjective symptoms must be accepted as against contrary medical opinion. Such, of course, is not the law. It is for the commission to decide where there is a conflict, which to believe.

But assuming that it was the erroneous opinion of the second referee that the question was one which must be based on expert testimony, this court cannot assume that such was the opinion of the commission. There is nothing in the record at the time the findings and award were made to justify such assumption, and if it be that petitioner is claiming that the commission denied his request for a rehearing because of such opinion, there also is nothing to justify such contention. The action is not that of the referee, but of the commission, and if its action finds support in the evidence, that ends the case so far as this court is concerned. (*Liberty Mut. Ins. Co.* v. *Industrial Acc. Com.*, 73 Cal.App.2d 555 [166 P.2d 908].)

*The Order Or Award Was Not Unreasonable.*

That the action of the commission was not unreasonable is shown by the foregoing. In the opinion of the commission the petitioner had fully recovered from his partial disability. Part of the unreasonableness claimed is that the commission denied the petition for rehearing. It is contended that the refusal of the referee to look at petitioner's foot at one of the hearings required the granting of a rehearing.

Petitioner testified that the scar on the sole of his foot is "like a pencil, long ways in the foot, there is a ridge in there," that it is hard and painful. Dr. Mullen stated that while there is a slight thickening in the plantar [sole] fascia,

there is no nodulation (lump or rounded mass), and no permanent disability. Petitioner contends that in view of this contradiction between petitioner and the doctor, the failure of the referee to see the condition for himself was serious. In fact, petitioner contends that the doctrine of res ipsa loquitur would have applied had the referee examined the foot as requested. Again, no authority is cited for this rule of law, and we know of none which compels this court to assume that a scar or thickening of the sole of the foot constitutes a permanent disability as a matter of law.

So far as the failure of the referee to look at the foot is concerned, petitioner magnifies the incident far beyond its proper significance. Early in the hearing (p. 5 of 31 pages of petitioner's testimony; p. 13 of the return) the following occurred: ''[Referee] Q. Your left foot? [Petitioner] A. Yes. If you care to see it—— [Referee] Q. No. How does it bother you?''· No other suggestion was made that the referee look at the foot. At the end of the hearing at which this occurred, petitioner was directed to be examined by Dr. Mullen. Thereafter he was so examined, and Dr. Mullen reported as above set forth, a copy of which report was received by petitioner. Petitioner made no attempt to attack or controvert the Mullen report, although such right was available under Labor Code, section 5704. Thereafter the cause was submitted without any request that the referee inspect the foot. In view of this record we cannot say that the refusal of the referee (if the incident can be dignified as a refusal) to look at the foot constitutes a deprivation of any of petitioner's rights.

■ The same situation applies to the contention that petitioner's request that the commission's doctor be allowed to examine him to check Dr. Mullen's report was refused. While petitioner was testifying the following occurred: The attorney for the State Fund said: ''I think you ought to go back to Doctor Mullen? A. I will go to either one. REFEREE: Well, maybe Mr. Neely, he might go out to some one else? A. I have no faith in Dr. Staub, the insurance company doctor at San Jose; he operated on my foot the first time, and it was right in the ball of the foot, which has formed into a callus now. Q. How do you get along with Doctor Mullen? A. Very good— he is a very good doctor. Q. Do you want to go back to him? A. Yes, that is all right with me.''

The only reference in the record to any request that the commission's doctor be brought into the proceeding occurred at

the end of the hearing when the attorney for the employer (not the petitioner) said: "I just want to ask before you close whether Mr. Cadotte could be examined by the Commission, or examined by Dr. Mullen?" The referee then stated: "Apparently the man was satisfied with Doctor Mullen, and there are doctors on the Commission's staff, but if he is satisfied he can go there." The attorney for petitioner said: "Is that on the question of the permanent disability?" and made no suggestion whatever that the petitioner be examined by the commission's doctor or that Dr. Mullen's report when given be checked, nor did he object in any way to the examination to be made by Dr. Mullen.

The petition contains the following: ". . . refusing the Applicant's request, through his attorney, that the Commission's doctor be allowed to examine him to check on Dr. Mullen's report, the Referee stating: 'That won't be necessary. The Applicant states that he has confidence in Dr. Mullen and I can see no reason for prolonging the matter.' " We are unable to find any such request of petitioner or any such statement of the referee in the record. However, assuming that this incident took place, we cannot say, under all the circumstances of this case, that the referee abused the discretion vested in him. Especially is this so in view of the fact that the burden of proving his disability was on the petitioner. (Lab. Code, § 5705; *Nelson* v. *Industrial Acc. Com.*, 55 Cal.App. 681 [204 P. 23].)

In the "Findings of Fact" the following appears: "Any disability suffered by applicant after June 1, 1947, was not caused by the injury herein." Petitioner contends that this finding forever bars him from asserting any claim for effects of the injury which might hereafter result. While the language is unfortunate, it is apparent that no attempt is being made to bar him from future claims. It is obvious that what is intended is a finding that all of petitioner's claimed disability resulting from the accident terminated on June 1st. No finding of the commission could have the effect claimed by petitioner. (Lab. Code, §§ 5803, 5804, 5410; *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 73 Cal.App.2d 248 [166 P.2d 310].)

The awards are affirmed.

Peters, P. J., and Ward, J., concurred.