[L. A. No. 24176.   In Bank.   Nov. 21, 1956.]

HUGH H. DANNER et al., Appellants, v. WILLIAM ATKINS et al., Respondents.

Deadrich, Gill, Bates & Stewart and Kenneth H. Bates for Appellants.

Baker, Palmer, Wall & Raymond, Conron, Heard & James, Oran W. Palmer and Calvin H. Conron, Jr., for Respondents.

SCHAUER, J.—Plaintiffs appeal from an adverse judgment of the court, sitting without a jury, in their action to recover for personal injuries and property damages sustained when a truck, allegedly as the result of negligence of the driver, defendant Atkins, rolled into a café plaintiffs operated. We have concluded that plaintiffs' contention that by reason of the res ipsa loquitur doctrine negligence of the driver was established as a matter of law, is without merit, and that the judgment should be affirmed.

From the record it appears that at about 8:30 on an evening in October, 1952, a truck being driven by defendant Atkins, as the employe of defendants Bischel and belonging to defendant Insured Transport, Inc., developed motor trouble. Atkins pulled off the highway and stopped the truck at the Wheeler Ridge Garage. At the garage he asked a mechanic, McElyea, to look at the motor, while he, Atkins, went to a nearby café to telephone to his employer. Atkins, who then left the truck while the mechanic was checking the engine, testified that at that time he had the equipment in double low gear with the vacuum brakes on and the mechanical hand emergency brake set. In Atkins' six to eight years of experience as a truck driver there is no more effective way to apply braking power on such equipment, and it was parked in a safe manner. Atkins then walked some 250 feet to the café, which plaintiffs operated, and was making his telephone calls when the truck struck the café building; about seven to nine minutes had elapsed since he had left the truck. During a part of that time the mechanic was working in or about the truck. Atkins had been driving this particular rig about two and one-half months and had had no previous brake trouble; on the day of the accident he had applied the brakes many times, always successfully. When he parked the truck, after being told by the mechanic that "it would be all right to set the truck there," both the truck and the front wheels were facing

parallel to the highway, and *the truck would not have collided with the café if the steering wheel had not been turned*; the area where he parked the truck appeared level to him and he did not put blocks under the truck wheels, although the truck carried blocks. There was evidence that the slope of the ground from the point where the truck was parked, to the café, was about 2.7 per cent, but that the slope was so general that the ground appeared level.

The mechanic, McElyea, *who was not named as a defendant,* testified as a *witness for plaintiffs* that when Atkins had left the truck to go to the café he, the mechanic, asked whether the brakes were on and Atkins replied that they were; that Atkins said that he would make a telephone call and then come back and "we would check it out more"; that *the witness spent another two to four minutes looking at the motor,* during which time he did not "have the motor running," and *then followed Atkins to the café* and had just ordered or was about to order coffee when the truck struck the building; that the witness then went outside and looked into the cab of the truck and determined that the transmission was in gear as to one gear box although he had not looked inside the cab before going to the café; that he did not look at more than one gear box; that the "general lay of the land in the vicinity of where the truck stopped" is such that *"Quite a few think it is level there . . . The grade is very deceiving"* (italics added); that some truck drivers use blocks under the wheels when they stop there and some do not, and *the witness did not caution Atkins to use blocks on this occasion, nor did he himself put blocks under the truck before he left it* to go to the café; that the truck was "absolutely dead stationary" when the witness left it and *had been stationary for at least two to four minutes after Atkins had stopped the motor*; that he did not remember whether at the time he left the truck and went to the café there were any other people in the general area, although commonly there are people "around there all hours of the night."

The trial court found that it was not true that Atkins negligently handled the truck and proximately caused the accident. Plaintiffs contend, however, that the accident was "unexplained" and that because it was unexplained the res ipsa loquitur doctrine applies and thereby establishes Atkins' negligence as a matter of law, while defendants urge that the doctrine does not apply as against them because the truck was under the control of the mechanic rather than of Atkins

just before the accident (see *Druzanich* v. *Criley* (1942), 19 Cal.2d 439, 444 [3] [122 P.2d 53]) and that in any event the testimonies of Atkins and the mechanic are sufficient to support the court's finding against negligence by Atkins.

It is ordinarily a question for the fact finder, first, whether facts which give rise to the res ipsa loquitur inference of negligence actually exist and, second, if the inference arises, whether it prevails or is overcome. Here, the evidence would support a finding that the inference as to Atkins never arose. The essential elements which plaintiff must establish before the inference will arise have often been stated, and include the showing that defendant had exclusive control of the thing causing the injury or, if he had relinquished control, then a showing that the instrumentality had not been improperly handled by some third person or its condition otherwise changed after control was relinquished by defendant. (*Burr* v. *Sherwin Williams Co.* (1954), 42 Cal.2d 682, 691-692 [10] [268 P.2d 1041]; *Zentz* v. *Coca Cola Bottling Co.* (1952), 39 Cal.2d 436, 444 [6] [247 P.2d 344]; *Escola* v. *Coca Cola Bottling Co.* (1944), 24 Cal.2d 453, 457 [150 P.2d 436].)

The evidence in this case, as above noted, shows that the driver, defendant Atkins, had left the truck, in double low gear and with the brakes locked, in the care of the mechanic McElyea, who was inspecting the motor, and that Atkins had himself been absent from the truck for seven to nine minutes before the accident occurred. During a substantial portion of that time McElyea was working on or about the truck. Plaintiffs, who have the burden of establishing the elements which permit application of the res ipsa loquitur doctrine, produced McElyea as their witness. His testimony was not binding on defendants. From the facts that McElyea was not named as a party defendant and was in a sense an interested party on plaintiffs' behalf and, in his own interest, adverse to defendants, the court could well have concluded that the unexplained part of the accident, insofar as credible testimony was concerned, was what happened to the truck after Atkins had left it in McElyea's care. That is, the court could well have believed, as it impliedly did, that Atkins' explanation of his own conduct was fully satisfactory and excluded negligence on his part but that as to McElyea's testimony either it was unacceptable, and that some act of the latter was actually the sole proximate cause of the accident, or that it was acceptable and indicated

that the act of some unidentified person must have intervened and caused the accident. As already noted, McElyea himself testified that he was aware of the grade, that it was "very deceiving," but that he did not caution defendant Atkins concerning it, or himself put blocks under the wheels, and that he left the truck unattended although commonly there were people "around there all hours of the night." Since McElyea was asked to give his attention to the motor trouble and was trying to "check it out" it would seem reasonable that he might try to start the motor; he had asked Atkins, as the latter started for the café, if the brakes were on. If he tried to start it, it would be reasonable to disengage the gears. Since the trial court impliedly found that the truck was securely parked with the brakes locked and with the front wheels headed away from the café building when Atkins left it, but rolled away and turned toward the building only after McElyea had given it his attention and then left it unattended, it would be logical to conclude that McElyea or some unidentified person must have changed its condition, and that the res ipsa loquitur doctrine was not applicable as against defendants.

█ If, however, the trial court did conclude that facts existed which gave rise to the res ipsa inference, nevertheless, as commented in *Druzanich* v. *Criley* (1942), *supra,* 19 Cal.2d 439, 444 [4] [122 P.2d 53], that doctrine even where applicable does not give a plaintiff an absolute right to a judgment in every case, and when the defendant produces evidence to rebut the inference of negligence it is ordinarily a question of fact whether the inference has the greater weight, or is evenly balanced, or has been dispelled or overcome. █ Thus, in *Scott* v. *Burke* (1952), 39 Cal.2d 388, 398-401 [247 P.2d 313], it was held that the presumptions of due care and innocence (Code Civ. Proc., § 1963, subds. 1, 4) may be weighed by the fact finder and constitute sufficient evidence to support a finding that the res ipsa loquitur inference has been overcome, and that "it is the function of the trier of facts to determine in the light of all the evidence in the case, including the opposing inferences and presumptions, whether the proof preponderates in favor of one party and against another, or is evenly balanced, and thereupon to resolve the issues in accordance with the rules relating to the burden of proof." (P. 399 of 39 Cal.2d.)

█ Thus even though we assume that the court could have concluded here, as in the Scott case, that the cause of

the accident remained unexplained, nevertheless the testimony of both Atkins and the mechanic, McElyea, provided direct evidence (as distinguished from the indirect evidence provided by the presumption of due care involved in the Scott case, see Code Civ. Proc., § 1957) that Atkins had used due care in his handling of the truck, evidence which if believed by the trier of facts is sufficient to rebut the inference of negligence raised by the res ipsa loquitur doctrine. Atkins' testimony that when he had left the truck in care of the mechanic it was in such a position and was so headed that "if the steering wheel had not been turned" it would not have collided with the café even if it rolled ahead, and that it was in "double low gear," "the combination making the compression most effective," and with both mechanical and vacuum brakes on and locked, coupled with testimony of the mechanic that the truck had remained "absolutely dead stationary" for several minutes after Atkins had stopped the motor and before the mechanic had himself left the truck completely unattended, and that following the accident the mechanic had looked at one gear box and determined that as to it the transmission was in gear, and the further facts that the mechanic was not named as a defendant but instead testified on behalf of plaintiffs, obviously provide evidence sufficient to support the trial court's finding that Atkins was free from negligence proximately causing the accident. *Price* v. *McDonald* (1935), 7 Cal.App.2d 77, 81 [45 P.2d 425], and *Harlow* v. *Standard Imp. Co.* (1904), 145 Cal. 477 [78 P. 1045], cited by plaintiffs, involve the applicability of the res ipsa doctrine in providing supporting evidence for judgments for plaintiffs and are not in point where, as here, sufficiency of the evidence to support a judgment for defendants is the matter at issue.

Plaintiffs further suggest that the findings as to their damages are contradictory in that, according to plaintiffs' construction, the court found both that plaintiffs suffered no damages and that certain damage inflicted upon the café building was caused to be repaired. Without reciting the findings in detail, it is apparent that the finding that plaintiffs suffered no damages referred to damages proximately resulting from negligence of the defendants. Further, the finding, also attacked by plaintiffs, that plaintiffs were guilty of misrepresentation which induced defendants to cause the building to be repaired in such a manner as to enhance its value in excess of $2,800 is immaterial in view of the finding

of lack of negligence by defendants, and no useful purpose would be served by discussing the contentions of the parties in this respect.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Traynor, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

The basis for the application of the doctrine of res ipsa loquitur is found in the everyday experience that certain kinds of accidents do not occur in the absence of negligent conduct by the person in control of the instrumentality causing the accident. A showing of the occurrence of such an accident, then, raises an inference that the one in control was negligent and it becomes incumbent upon him to satisfactorily explain the cause of the mishap in order to avoid . liability (*Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 691 [268 P.2d 1041]).

An examination of the facts in this case shows that they are particularly susceptible to the application of the res ipsa loquitur doctrine. The defendant driver, Atkins, left the truck, which weighed several tons, unattended while he went to a café. The uncontradicted testimony of the mechanic, not a party to the action, shows that the condition of the truck was not changed after Atkins left. A few minutes after Atkins left the scene, the truck crashed through the side of the café which was some 250 feet downgrade from where the truck was parked. Clearly, parked vehicles do not roll downhill unless the operator was negligent, either in parking the vehicle or in maintaining its braking equipment in proper mechanical order. (*Price* v. *McDonald*, 7 Cal.App.2d 77 [45 P.2d 425].) The first question that arises, then, is whether the trier of fact can refuse to draw the inference that Atkins was negligent. In discussing this problem in *Burr* v. *Sherwin Williams Co.*, *supra*, this court said at page 689 that "In some types of situations, because of the nature of the particular accident, an inference of negligence upon the part of the defendant may be so strong that no reasonable man could fail to accept it in the absence of explanatory evidence." Put another way, ". . . if the inference is sufficiently strong to persuade the court, and the obvious conclusion is that the defendant has been negligent, no perverse jury should be permitted to refuse to draw it. If the thing speaks for it-

self, why not accept what it says?'' (Prosser, *Res Ipsa Loquitur in California* [1949], 37 Cal.L.Rev. 183, 220.) Surely, then, when a large truck is left unattended, and for no known reason, rolls down a grade, ''the obvious conclusion is that the defendant has been negligent'' and this inference is ''so strong that no reasonable man could fail to accept it.''

The effect of this inference is also examined in *Burr* v. *Sherwin Williams Co., supra,* at page 690, where Mr. Chief Justice Gibson, speaking for a unanimous court, said that ''A few decisions have criticized instructions to the effect that res ipsa loquitur imposes a mandatory burden upon the defendant to rebut the inference of negligence and have apparently proceeded on the theory that the doctrine creates an inference which is enough to avoid a nonsuit but which the trier of fact may accept or reject as it sees fit, even though the defendant offers no evidence. [Citations.] This view, which is inconsistent with most of the California decisions, is very difficult to apply, and there are substantial reasons why we should hold that in every type of res ipsa loquitur case the defendant should have the burden of meeting the inference of negligence. . . .

''It is our conclusion that *in all res ipsa loquitur situations the defendant must present evidence sufficient to meet or balance the inference of negligence, and that the jurors should be instructed that, if the defendant fails to do so, they should find for the plaintiff.''* (Emphasis added.)

In regard to what a defendant must show in order to meet the burden imposed by the inference of negligence, the court in *Talbert* v. *Ostergaard,* 129 Cal.App.2d 222, 228 [276 P.2d 880], said: ''Procedurally, it is incumbent on defendant to rebut the inference by a showing ' ''either (1) of a satisfactory explanation of the accident, that is, an affirmative showing of a definite cause for the accident, in which cause no element of negligence on the part of the defendant inheres, or (2) of such care in all possible respects as necessarily to lead to the conclusion that the accident could not have happened from want of care, but must have been due to some unpreventable cause, although the exact cause is unknown. In the latter case, inasmuch as the process of reasoning is one of exclusion, the care shown must be satisfactory in the sense that it covers all causes which due care on the part of the defendant might have prevented.'' ' (*Dierman* v. *Providence Hospital,* 31 Cal.2d 290, 295 [188 P.2d 12].) In short, the 'explanation which the defendant is required to make is an

explanation of his conduct and, to be complete, it must be as broad as the inference.' (*Hinds* v. *Wheadon,* 67 Cal.App.2d 456, 464 [154 P.2d 720].) The question of the sufficiency of a defendant's explanation of the accident or the sufficiency of his evidence of due care is ordinarily one of fact for the jury. [Citations.] But if, in explaining his conduct, the defendant fails to produce substantial evidence of the use of due care, as where he fails adequately to disclose the nature of an inspection he was required to make, his defense may be held insufficient as a matter of law. [Citations.]''

Applying these standards here, it seems abundantly clear that defendant has not offered evidence sufficient to overcome the inference of negligence. Obviously, there was no explanation of the cause of the accident. It appears equally obvious that there is insufficient evidence of ''due care in all possible respects.'' Defendant's only explanation is that he left the gears engaged and the brake locked. This does not amount to ''an explanation as broad as the inference.'' Except for th mechanic's testimony that *one* of the gear boxes was in gear (no braking power would be afforded unless *both* gears were engaged), there was no evidence as to the condition of the gears and brakes after the accident. Such evidence would certainly be of assistance in determining the cause of and responsibility for the accident, and, presumably, such evidence was within defendant's power to produce as he drove the truck after the accident. Yet, no such evidence was offered. Under similar circumstances, it was said in *Talbert* v. *Ostergaard, supra,* at page 229, that ''The failure of a defendant to produce evidence explaining a circumstance of importance in the case, if such evidence is available, justifies an inference that such evidence, if given, would redound to his prejudice. [Citations.] This principle applies with particular force where, as here, the circumstance to be explained arises in relation to defendant's burden of meeting an inference of negligence.'' The only conclusion, then, that can be drawn is that defendant has not done all within his power to explain the accident and, therefore, it should be held that he has failed to overcome the inference of negligence. For these reasons, I would reverse the judgment.