[L. A. No. 24706.   In Bank.   Mar. 28, 1958.]

WALTER W. PHILLIPS, Appellant, v. GLENN R. NOBLE, Respondent.

WALTER W. PHILLIPS, Appellant, v. CHARLES MITCHELL, Respondent.

Everett E. Demler and Eric A. Rose for Appellant.

Bauder, Gilbert, Thompson & Kelly, Ball, Hunt & Hart, Clarence S. Hunt and Jean Wunderlich for Respondents.

GIBSON, C. J.—This is an appeal by plaintiff from an adverse judgment entered on a jury verdict in consolidated actions to recover damages for personal injuries suffered by him when a car driven by defendant Mitchell, in which plaintiff was riding, collided with one driven by defendant Noble.

The collision occurred at the intersection of Sepulveda Boulevard and 22d Street in Manhattan Beach. Sepulveda, a six-lane thoroughfare, runs in a north-south direction, and 22d connects with Sepulveda from the east, forming a T-shaped intersection. There were no stop signals on Sepulveda at the intersection, but there was a reflector stop sign on 22d. Immediately before the collision occurred, Mitchell was driving in a northerly direction on Sepulveda in the lane next to the center line, and Noble was making a left turn from 22d onto Sepulveda.

Mitchell testified that as he was approaching the intersection there were cars in each of the two lanes to his right and that these cars started to slow down when they were about 10 feet from the intersection, at which time he was about 25 feet farther back. Not knowing why the other cars were stopping, Mitchell applied his brakes and stopped a foot or two inside the intersection. He said he did not see Noble's car until a second before the collision.

Noble testified that he stopped at the reflector sign on 22d Street for about 15 seconds and then proceeded into the intersection at a speed of from 3 to 5 miles per hour. As he entered the intersection, the cars in the two northbound lanes closest to him slowed down and stopped. These vehicles

obstructed his view of the third lane so that he did not see the Mitchell car until he passed the two outside lanes. When he first saw Mitchell's car it was about 25 feet away and traveling between 30 and 35 miles per hour, and it did not slow down before the collision. Mitchell's right front fender struck Noble's left front fender, and Mitchell's car continued in motion after the collision for about 14 feet.

Plaintiff testified that he paid Mitchell 50 cents a day for transportation. Mitchell denied that he received any compensation.

The trial court, at defendant's request, gave the following instruction: "The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent." It is plaintiff's contention that an inference of negligence arose from the happening of the accident under the doctrine of res ipsa loquitur, and he asserts that the instruction precluded the jury from drawing the inference.

An issue as to the propriety of the quoted instruction has frequently arisen in cases where there was evidence warranting the application of the doctrine of res ipsa loquitur. (See *Shaw* v. *Pacific Greyhound Lines, ante*, p. 153 [323 P.2d 391]; *Jensen* v. *Minard*, 44 Cal.2d 325, 329 [282 P.2d 7]; *Barrera* v. *De La Torre*, 48 Cal.2d 166, 170 et seq. [308 P.2d 724].) This is because the instruction contains an idea which, unless explained, might be understood by laymen as being inconsistent with the doctrine. (See *Shaw* v. *Pacific Greyhound Lines, ante*, p. 153 [323 P.2d 391]; *Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 261-262 [143 P.2d 929]; *England* v. *Hospital of Good Samaritan*, 22 Cal.App. 2d 226, 230 [70 P.2d 692]; *Ellis* v. *Jewett*, 18 Cal.App. 2d 629, 634 [64 P.2d 432].)

■ We have recently held that, in the absence of a request for instructions on the doctrine of res ipsa loquitur, it is not reversible error to give the instruction on the mere happening of an accident if the application of the doctrine depends upon the determination of disputed facts. (*Barrera* v. *De La Torre*, 48 Cal.2d 166, 170 et seq. [308 P.2d 724].) In such a case a *request* for appropriate instructions on the doctrine is essential so that the court may be apprised of the plaintiff's reliance on it and have an opportunity to explain the relationship between the doctrine and the instruction on the mere happening of an accident. In the absence of such a request, the only situation in which the giving of the challenged instruction

was held to constitute error was where the res ipsa loquitur inference arose as a matter of law from facts conceded by the defendant. (*Jensen* v. *Minard,* 44 Cal.2d 325, 329 [282 P.2d 7].)

█ Here no instruction on res ipsa loquitur was requested or given, and the case is not one in which the doctrine may be applied as a matter of law on the basis of undisputed facts. The evidence relating to the conduct of the defendants prior to the collision is conflicting, and we cannot say that it is more probable than not that both drivers were negligent or that one was at fault to the exclusion of the other. █ With respect to the cause of action against Mitchell, there was evidence that plaintiff was a guest within the meaning of section 403 of the Vehicle Code, in which event he could not recover unless he established that the injury resulted from the intoxication or wilful misconduct of Mitchell.* █ Obviously res ipsa loquitur, which permits the drawing of an inference that ordinary care was not used, cannot serve as a means of establishing intoxication or wilful misconduct. (*Fiske* v. *Wilkie,* 67 Cal.App.2d 440, 449-452 [154 P.2d 725]; cf. *Cadotte* v. *Industrial Acc. Com.,* 86 Cal. App.2d 754, 757 [194 P.2d 563].) █ Insofar as Noble is concerned, there can be no justification for applying the doctrine as a matter of law against him alone. Assuming that the doctrine might be used in some collision cases to require an explanation from both defendants, Noble would be placed at a serious disadvantage if he were required as a matter of law to exculpate himself in order to avoid liability when Mitchell, who may have been equally or solely negligent, would not be required to do so if plaintiff were considered his guest.

The case of *Godfrey* v. *Brown,* 220 Cal. 57 [29 P.2d 165, 93 A.L.R. 1092], relied upon by plaintiff, is clearly distinguishable. The court pointed out that the injury there involved took place before the effective date of the guest statute (now section 403 of the Vehicle Code, referred to above) and that for this reason the driver of the car in which the plaintiff was riding was liable for ordinary negligence. (220 Cal. at p. 60.) Accordingly, the case can be of no assistance to

---

*Section 403 of the Vehicle Code provides: ''No person who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride . . . has any right of action for civil damages against the driver of such vehicle . . . on account of personal injury . . . unless the plaintiff in any such action established that such injury . . . proximately resulted from the intoxication or wilful misconduct of said driver.''

plaintiff with respect to his action against Mitchell. The case is likewise not authority regarding Noble's liability. The court was there concerned with the propriety of an instruction which permitted the jury to apply res ipsa loquitur to the driver of the car in which the plaintiff was riding, and there was no discussion of the liability of the driver of the other vehicle, who, although a defendant in the trial court, was not a party to the appeal.

*Shaw* v. *Pacific Greyhound Lines, ante,* p. 153 [323 P.2d 391], is also distinguishable. That case involved the propriety of an order granting a motion for a new trial where an instruction on res ipsa loquitur containing only minor defects was refused although an appropriate instruction would have been clearly justified by the evidence.* In view of the broad discretionary powers of a judge in passing upon a motion for a new trial we upheld the order, but we recognized that the reversal of a judgment on appeal would not be warranted in circumstances such as those now before us.

It should be pointed out, however, that the form of the challenged instruction does not fit a factual situation like the one involved in the present case. The instruction told the jury that the mere fact that an accident happened does not support an inference that "some person, or any party to this action," was negligent. It should have been worded so as not to deny the existence of a probability that someone was negligent but instead to state that no inference arises that both drivers were negligent or that a particular one was negligent to the exclusion of the other. However, since plaintiff did not request an instruction which would have apprised the court that he was relying on the doctrine of res ipsa loquitur, we cannot say that the judgment here should be reversed because of the failure of the trial court to use words in the challenged instruction which would have avoided conveying the idea that there was no probability of negligence on the part of at least one of the drivers.

Plaintiff claims that the trial court modified two instructions requested by him and that the modifications rendered the instructions uncertain and erroneous. The record, however, does not show the instructions in the form requested by plaintiff, and the asserted errors may be attributable to

---

*Although the defendant in *Shaw* v. *Pacific Greyhound Lines, ante,* p. 153, was a common carrier, application of res ipsa loquitur was not required because the evidence was conflicting with respect to whether the plaintiff was injured as a result of the operation of the defendant's vehicle.

him. It is, of course, plaintiff's burden, as appellant, to present a record which is sufficiently complete to establish that the claimed errors were not invited by him, and in the absence of such a showing he may not properly complain. (*Cf. Lynch* v. *Birdwell*, 44 Cal.2d 839, 846-847 [285 P.2d 919].)

The judgment is affirmed.

Shenk, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of affirmance but upon the sole ground that the instruction here in question, while erroneous, was not prejudicial to plaintiff under the facts as disclosed by the record in this case. The instruction referred to reads as follows: "The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent." In my opinion it is error to give the foregoing instruction in any negligence case. The declaration contained in this instruction is in direct conflict with the experience of everyone who has been involved in an accident. Barring accidents which may be solely the result of acts of God or of circumstances or conditions entirely beyond the control of the parties involved, it is inconceivable to me that an accident could happen in the absence of negligence on the part of someone. The instruction above quoted served no purpose except to confuse and mislead the jury, and in my opinion, plays a more important part in this direction than the erstwhile stock instruction on unavoidable accident (see *Parker* v. *Womack*, 37 Cal.2d 116 [230 P.2d 823]; *Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]).

There is obviously no necessity for giving the above quoted instruction in any negligence case and the giving of such an instruction cannot possibly aid the jury in determining whether or not the defendant was guilty of negligence which proximately contributed to plaintiff's injury or that plaintiff was not guilty of contributory negligence. In the conventional negligence case, instructions are given defining negligence, proximate cause and burden of proof. The jury is then told that before the plaintiff can recover he must prove by a preponderance of the evidence that defendant was guilty of negligence which was the proximate cause of the accident, and if contributory negligence is pleaded as a defense, that the burden is on the defendant to prove that plaintiff was guilty of contributory negligence which contributed to his own

injury in some degree. With these instructions in mind, the jury are in a position to return a verdict based upon the evidence. Since the jury has been told that plaintiff cannot recover damages from the defendant unless the latter was guilty of negligence which was the proximate cause of the accident and that plaintiff must have been free from negligence himself which proximately contributed to the accident, any additional instructions such as the one above quoted or the one on the subject of unavoidable accident condemned in the Butigan case, are mere surplusage and tend to mislead and confuse the jury. For this reason I would hold that the giving of either of such instructions is error.

The question of whether or not plaintiff has suffered prejudice as the result of the giving of either of the above mentioned instructions is sometimes a close one. In the ordinary case where there is a sharp conflict in the evidence but where there is sufficient competent evidence to establish negligence on the part of the defendant and evidence of contributory negligence on the part of the plaintiff is either weak or nonexistent, I would hold the giving of either of the above mentioned instructions prejudicial error justifying a reversal of the judgment in favor of the defendant if the instructions were given at his request. On the other hand, where the evidence of defendant's negligence is weak and there is substantial evidence in support of the defense of contributory negligence, I would be disposed to hold the giving of the questioned instructions not necessarily prejudicial.

The foregoing reasoning leads me to the conclusion that in cases where plaintiff has made out a case under the doctrine of res ipsa loquitur and offers appropriate instructions applying this doctrine, it would be prejudicial error for the court to give either of the above mentioned questionable instructions at the request of defendant. I am likewise of the opinion that where the evidence makes out a case under the doctrine of res ipsa loquitur as a matter of law, such as *Jensen* v. *Minard,* 44 Cal.2d 325 [287 P.2d 7]; *Danner* v. *Atkins,* 47 Cal.2d 327 [303 P.2d 724]; and *Barrera* v. *De La Torre,* 48 Cal.2d 166 [308 P.2d 724], it would be prejudicial error to give either of the above questioned instructions even in the absence of the offer by plaintiff of res ipsa loquitur instructions on his behalf.

In the case at bar no instructions applying the doctrine of res ipsa loquitur were offered by plaintiff and in my opinion the record does not disclose a case giving rise to this

doctrine as a matter of law. In the absence of proposed instructions by plaintiff applying the doctrine of res ipsa loquitur as to one or both of the defendants, it is obvious that no error can be predicated upon the failure of the court to submit the case to the jury under this doctrine, and we are not faced with the question as to whether or not it would have been error for the trial judge to refuse to instruct the jury under this doctrine if appropriate instructions applying this doctrine had been presented by plaintiff. I have heretofore given expression to the view that the doctrine of res ipsa loquitur may be applicable to many cases involving collisions between two or more automobiles or an accident in which only one automobile is involved (see dissenting opinions in *Danner* v. *Atkins,* 47 Cal.2d 327, 334 [303 P.2d 724] ; *Barrera* v. *De La Torre,* 48 Cal.2d 166, 173 [308 P.2d 724]), and I am in full accord with the views expressed by this court in *Godfrey* v. *Brown,* 220 Cal. 57 [29 P.2d 165, 93 A.L.R. 1092], and with the statement of Dean Prosser in the second edition of his work on torts, on pages 207 to 209, and the discussion in *The Law of Torts* by Harper and James (1956), pages 1090 to 1092, and I am unwilling to join with the majority in restricting the application of the doctrine of res ipsa loquitur to the very limited field in which it has been applied by the majority of this court in recent decisions (*Danner* v. *Atkins, supra,* 47 Cal.2d 327; *Barrera* v. *De La Torre, supra,* 48 Cal.2d 166).

It is perfectly obvious to me that in a case where the doctrine of res ipsa loquitur is applicable, and instructions applying this doctrine are given, the giving of either of the above questionable instructions creates a patent conflict, as the court in one breath tells the jury that the mere happening of the accident gives rise to an inference of negligence, and in the next, that it does not. I can see no merit whatsoever in the specious reasoning of Mr. Justice Schauer on this subject, as everyone familiar with the trial of a lawsuit knows that when instructions are given to a jury, sufficient evidence has been introduced to establish the fact that the accident was the result of the negligence of someone connected with the case, or the issue of negligence would not be submitted to the jury. If the case were tried in a vacuum and there was no evidence as to how the accident happened or from which inferences or presumptions could be drawn, the abstract reasoning of Mr. Justice Schauer might come into play, but it

can have no place in the trial forum where there is direct or indirect evidence as to how the accident happened.

For the reason above stated, that it does not appear as a matter of law that the doctrine of res ipsa loquitur is applicable to the facts of this case and where no instruction applying this doctrine was offered by plaintiff, I am constrained to agree with the majority that the giving of the above quoted instruction, while error, was not prejudicial to the plaintiff.

SCHAUER, J., Concurring and Dissenting.—In this case the majority reach a correct judgment but, regrettably, their opinion contains unsound discussion which, coupled with what appears to be intended as directions to be followed by counsel and trial courts in the preparation of instructions, may well lead to confusion and error.

The trial court in this case had given the time-tried and rationally correct instruction that ''The mere fact that an accident happened, considered alone, does not support an inference that some person, or any party to this action, was negligent.'' In criticism the majority declare: ''The instruction told the jury that the mere fact that an accident happened does not support an inference that 'some person, or any party to this action,' was negligent.'' In view of the heretofore recognized elements of proof (*in addition to the mere happening of an accident*) essential to drawing of the res ipsa loquitur inference, is not the statement indisputably correct? But the majority continue: ''It should have been worded so as not to deny the existence of a probability that someone was negligent but instead to state that no inference arises that both drivers were negligent or that a particular one was negligent to the exclusion of the other.'' It may be asked, wherein does the quoted instruction ''deny the existence of a probability that someone was negligent?'' And is it not a startling thesis that the instruction should ''instead . . . state that no inference arises that both drivers were negligent or that a particular one was negligent to the exclusion of the other?'' Such a factual statement by a trial judge would clearly constitute an invasion of the jury's province. And the majority continue: ''However, since plaintiff did not request an instruction which would have apprised the court that he was relying on the doctrine of res ipsa loquitur, we cannot say that the judgment here should be reversed because of the failure of the trial court to use words in the challenged instruction which would have avoided conveying

the idea that there was no probability of negligence on the part of at least one of the drivers.'' I read and reread the ''challenged instruction'' in vain for ''words . . . conveying the idea that there was no probability of negligence on the part of at least one of the drivers.'' This instruction does not deal with ''probability of negligence''; it is, rather, explanative and cautionary, in a purely abstract way, as to the elements of proof essential to the drawing of an inference.

If *in addition* to ''the mere happening of an accident'' there is evidence tending to show that a defendant had some substantial connection with *the cause* of the accident, and if there is also evidence showing the circumstances of the accident and those circumstances reasonably warrant an inference that the accident would not ordinarily or probably have happened in the absence of negligence by the defendant, then manifestly an inference may be drawn against him, and the jury may be so told. But obviously there is absolutely nothing in the challenged instruction which suggests the contrary. That instruction merely guards against drawing the inference upon proof of the ''mere happening of an accident, without more.'' Application of the rule must depend upon what facts are found. Where the evidence admits of different findings, all potentially appropriate rules should be stated to the jury.

I concur in the majority's holding that ''res ipsa loquitur . . . cannot serve as a means of establishing intoxication or wilful misconduct,'' and also in the judgment of affirmance.

McComb, J., concurred.